

U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

April 23, 2018

Counsel for Michael Babich:

Joseph Sedwick Sollers, III
King & Spalding, LLP
1700 Pennsylvania Avenue, NW Suite 200
Washington, D.C. 20006

Counsel for Sunrise Lee:

Lee Stein
Mitchell Stein Carey Chapman, P.C.
One Renaissance Square
2 North Central Avenue, Suite 1450
Phoenix, AZ 85004

Counsel for Richard Simon:

Steven Tyrrell
Weil, Gotshal & Manges LLP
1300 Eye Street NW, Suite 900
Washington, D.C. 20005-3314

Counsel for John Kapoor:

Beth A. Wilkinson
Alex Walsh
Wilkinson Walsh Eskovitz
2001 M Street NW
Washington DC 20036

Counsel for Alec Burlakoff:

George W. Vien
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110

Counsel for Joseph Rowan:

Michael Kendall
White & Case LLP
75 State Street
Boston, MA 02109-1814

Counsel for Michael Gurry:

Tracy A. Miner
Demeo LLP
200 State Street
Boston, MA 02109

Re:   United States v. Michael Babich, *et al.*
      Criminal No. 16-10343-ADB

Counsel:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 116.3 of the Local Rules for the District of Massachusetts, the government responds to your April 2, 2018

request for additional discovery, made by counsel for Defendant Kapoor on behalf of all Defendants.

At the outset, we note four things. First, you define the term "government" to include all branches of the Justice Department, DEA, HHS/OIG, U.S. FDA, CMS or any of its contractors, the SEC, Congressional subcommittees, all executive branch agencies and any other person or governmental agency that is part of the prosecution team. This request is overly broad regarding our discovery obligations. The Government's duty to disclose extends only to information in its possession, custody, or control and does not extend to information possessed by Government agents not working with the prosecution. *United States v. Hall,* 434 F.3d 42, 55 (1st Cir. 2006). Indeed, we are not under an obligation to search for and disclose information possessed by other federal or local agencies that are not involved in the investigation of this case, as your footnote 1 implies. *See also*; *United States v. Casas,* 356 F.3d 104, 115-116 (1st Cir. 2004). To date, we have provided information from agents who have participated in the investigation of this case, including the Federal Bureau of Investigation, Health and Human Services/OIG, Department of Defense, Criminal Investigative Services, the United States Postal Inspection Service, the United States Postal Office of Inspector General, the Employee Benefits Security Administration, U.S. Office of Personnel Management and Food and Drug Administration/Office of Criminal Investigations. We have provided to you discoverable information in our possession that we received from other United States Attorney Offices, even though these Offices were not members of the prosecution team.

We are aware that prosecutions are pending against former Insys employees in the Southern District of Alabama, Southern District of New York, and the District of Connecticut. We are also aware of prosecutions pending against health care providers of Subsys in the Districts of Nevada and New Hampshire. These districts are not part of the prosecution team and we are not in possession and control of their information. Nonetheless, we have provided to you materials that were provided to us from other districts.

Second, we note that your letter of April 2, 2018 requests a large volume of documents and information, much of which has already been produced. Indeed, most of the discovery you request was provided to you in 2017. Moreover, much of the discovery currently in your possession was produced despite the government having no obligation to do so. Discovery already in your possession includes, but is not limited to:
    a. With one exception, all Grand Jury transcripts from witnesses that have testified before every Grand Jury in the District of Massachusetts that heard evidence prior to the First Superseding Indictment. This includes more than 55 transcripts from roughly 45 witnesses.
    b. With one exception, every exhibit presented to every Grand Jury in the District of Massachusetts that heard evidence prior to the First Superseding Indictment. This means, depending upon the defendant, you have received significantly more than 730 grand jury exhibits.
    c. Memoranda of witness interviews created by agents assigned to the prosecution team (e.g., FBI 302s and formal memoranda of interviews ("MOIs") totaling more than 300 reports;
    c. Materials produced by the Southern District of Alabama related to that district's prosecution of Practitioner #1 and Practitioner #2;
    d. Materials produced by the Eastern District of Michigan related to that district's prosecution of Practitioner #3;

 e. Materials produced by the Eastern District of Arkansas regarding that district's investigation of Practitioner # 4;

 f. Materials in the possession of this office regarding the investigation of Practitioner #5 in Texas, including interview reports, investigative reports, audio visual recordings, and third party productions;

 g. Materials in the possession of this office regarding the investigation of Practitioner #6 in Illinois, including interview reports, investigative reports, and third party productions;

 h. Materials produced by the District of Connecticut related to that district's prosecution of Practitioner # 7;

 i. Materials produced by the District of New Hampshire related to that district's prosecution of Practitioner # 8;

 j. Materials in the possession of this office regarding the investigation of Practitioner #9 in Florida including interview reports, investigative reports, and DEA inspection reports;

 k. Materials in the possession of this office regarding the investigation of Practitioner #10 in Florida including interview reports;

 l. Materials produced by the Southern District of New York related to that district's prosecution of Jonathan Roper and Fernando Serrano;

 m. Materials produced by the District of Rhode Island regarding that district's prosecution of Jerrold Rosenberg;

 n. All tangible evidence obtained from Insys Therapeutics, Inc.;

 o. All patient medical records in the possession of the prosecution;

 p. All insurance records in the possession of the prosecution;

 q. All CMS records in the possession of the prosecution related to Insys and Subsys;

 r. All DEA data and reports in the possession of the prosecution related to Insys and Subsys;

 s. All FDA records in the possession of the prosecution related to Insys and Subsys.

 Third, under separate cover the government has today produced the following items in response to your April 2, 2018 letter:

 a. Notes of agents assigned to the prosecution team in this case. Due to the volume of these documents in our possession we will continue to produce these documents on a rolling basis;

 b. A "logical copy" of each of the cell phones of Practitioner # 7 produced to this office by the District of Connecticut;

 c. REMs related information in the possession of the FDA.

 Fourth, given the Proposed Joint Scheduling Order filed on February 6, 2018 (ECF 278), as well as the Court's Amended Order adopting the joint proposal on February 6, 2018 (ECF 279) we were surprised by your letters dated March 20 and March 22, 2018. We note that your letter dated April 2, 2018, while much broader in scope, is duplicative of the more specific requests made by you on March 20 and March 22, 2018. Our letter today endeavors to confirm by footnote our view that you have duplicated your requests. Last, the timing of our response today is made consistent with the Court's Amended Order of February 6, 2018 (ECF 279).

 Your specific requests, enumerated consistent with your letter dated April 2, 2018, are addressed below:

1. *Documents and objects to which the Defendants would be entitled under Federal Rule of Criminal Procedure 16(a)(1)(E).*

We have previously produced, or made available to you for inspection, all documents and objects discoverable under Rule 16(a)(1)(E). Since then, with notice provided to you of narrow exceptions, we have produced the items previously made available for inspection to each Defendant.

We are aware of our duty to supplement our discovery responses pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure and 116.7 of the Local Rules, and we will continue to do so as required by the Rules. We will endeavor to provide such information to the defendants promptly.

2. *All transcripts and minutes of the proceedings before any federal grand jury in any district investigating crimes related to Insys Therapeutics, Inc. ("Insys" or "the company") and/or Subsys.*[1]

The Government is not obligated to produce transcripts and minutes of the proceedings before the Grand Jury at this juncture. Nevertheless, as noted above, with one exception we have produced to you all transcripts of testimony before each of the grand juries sitting in the District of Massachusetts prior to the First Superseding Indictment.

We do not possess or control, nor are we obligated to produce to you, transcripts and minutes of the proceedings before grand juries in other districts, if any, that may be investigating crimes related to Insys Therapeutics or Subsys. Please identify a statute, federal or local rule, or case in support of your request for this information.

3. *Documents or other materials presented to any federal grand jury in any district investigating crimes related to Insys and/or Subsys.*

The Government is not obligated to produce materials presented to the Grand Jury at this juncture. Nevertheless, as noted above, with notice of one category of exception, we have produced every exhibit presented to every Grand Jury in the District of Massachusetts that heard evidence prior to the First Superseding Indictment.

We are not obligated to produce to you materials presented to grand juries in other districts, if any. Please identify a statute, federal or local rule, or case in support of your request for this information.

4. *A list identifying all individuals who have, either directly or through a lawyer or other agent, provided testimony, statements, or information to any United States Attorney's Office regarding Insys or Subsys: (a) pursuant to a formal or informal cooperation agreement; (b) in response to a promise, reward, or inducement offered by any United States Attorney's Office; or*

---

[1] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

*(c) pursuant to immunity or a proffer agreement.*[2]

The Government has met its obligations under Local Rule 116.2(b)(1)(C) with regard to this request.

We note that the Government has not made a determination as to whom will be called as a witness in our case-in-chief.

5. *Transcripts or recordings of testimony (whether during administrative, civil investigative, civil discovery, grand jury, pre-trial, trial, or post-trial proceedings) provided by an witness, including but not limited to [portion of the request redacted pursuant to L.R. 116.1 (c)(1)(E)], in any matter in which the United States was a party or the real party-in-interest that relates to Insys and/or Subsys.*[3]

To the extent that this request is different from the requests you have made above, the Government is under no obligation to produce this information to you at this time. Please identify a statute, federal or local rule or case in support of your request for this information.

Pursuant to Local Rule 116.4(b)(2), the Government has produced preliminary transcripts in previous discovery productions. We anticipate promptly providing additional transcripts as they are made available to us.

6. *With respect to any individual interviewed regarding Insys and/or Subsys by the UnitedStates Attorney's Office for the District of Massachusetts, any attorneys or agents acting at its direction, or any other United States Attorney's Office or federal agency with which it has coordinated in any regard with respect to any investigation regarding Insys or Subsys, including but not limited to [portion of the request redacted pursuant to L.R. 116.1 (c)(1)(E)]: (a) all memoranda of interviews created by the Government with respect to that witness (e.g., FBI Form 302s or formal memoranda of interviews ("MOIs")); and (b) all notes taken by any Government official, agent, or employee (either handwritten or typed) memorializing, reflecting, or summarizing any statements made by the individual during the interview, regardless of whether the interview has been reduced to a memorandum of interview.*[4]

a. The Government has met its obligations with regard to the requirements of Rule 16(a)(1)((A)-(D) and (F) of the Federal Rules of Criminal Procedure. The Government is not otherwise required to disclose the requested memoranda.

b. Pursuant to Local Rule 116.9, the Government has preserved all contemporaneous notes of law enforcement agents assigned to the investigation of all defendants charged in the

---

[2] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

[3] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

[4] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

indictment. Although not required by Rule 116.9, the Government began producing those notes in discovery under separate cover today.

As previously stated, we have provided to you discoverable information in our possession that we received from other United States Attorney Offices, even though these Offices were not members of the prosecution team. Please identify a statute, federal or local rule, or case in support of your request for this information.

7. *A description of all promises, rewards, or inducements offered to any fact or expert witness that provided or offered to provide to the Government information regarding any of the Defendants, testified before the grand jury that issued the original or superseding indictment against the Defendants, or that the Government presently expects to call at trial. See Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972).*[5]

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). Pursuant to the Court's Order of January 24, 2018 (ECF 277), 18 U.S.C. § 3500, Rule 26.2 of the Federal Rules of Criminal Procedure, and Local Rule 116.2(b) and Local Rule 117.1(a)(4)(B) the Government will provide the additional information at a later date.

8. *With respect to any witness that the Government presently expects to call as part of its case-in-chief, all statements to which any Defendant would be entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.*

Pursuant to 18 U.S.C. § 3500, Rule 26.2 of the Federal Rules of Criminal Procedure, and Local Rule 116.2(b) the Government will provide the additional information at a later date.

9. *All evidence that tends to impeach the testimony of any potential government witness, including but not limited to records and information revealing prior criminal convictions or guilty verdicts. See "Guidance for Prosecutors Regarding Criminal Discovery," at 3; Giglio v. United States, 405 U.S. 150 (1972).*[6]

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). Pursuant to Local Rule 116.2(b) the Government will provide the additional information at a later date.

10. *With respect to any witness that the Government presently intends to call at trial, all records, information, or allegations of prior misconduct, criminal acts, or bad acts of which the Government knows or through reasonable diligence should have reason to know. See "Guidance for Prosecutors Regarding Criminal Discovery," at 3.*

---

[5] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

[6] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). The Government will provide additional information at a later date as required by to Local Rule 116.2(b).

11. *With respect to any witness that the Government presently intends to call at trial, all information that tends to indicate that such witness has a character for untruthfulness, reputation for untruthfulness, or a prior history of untruthfulness. See "Guidance for Prosecutors Regarding Criminal Discovery," at 3; see also Fed. R. Evid. 608(a)-(b).*

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). The Government will provide additional information at a later date as required by to Local Rule 116.2(b).

12. *Any written or oral statement, whether or not reduced to writing, made by any potential Government witness that contradicts, is inconsistent with, or different from other oral or written statements he or she has made. See "Guidance for Prosecutors Regarding Criminal Discovery," at 3.*

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). The Government will provide additional information at a later date as required by to Local Rule 116.2(b).

13. *All correspondence or other communications between the Government and any agent, employee, or contractor of Insys, or any unindicted co-conspirator that relate to the indictment or any other Government investigation of Insys and/or Subsys.*[7]

The Government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

14. *All correspondence or other communications between the Government and any individual involved in civil litigation, either as a party, witness, or as counsel to a party or witness, that relates to Insys and/or Subsys.* [8]

The Government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

15. *To the extent the Government is aware, a detailed description of any evidence relating to the allegations in the indictment that has been destroyed or lost or that is not in the Government's possession, custody, or control.*

The Government is aware of the following information:

---

[7] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

[8] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

  a. Federal agents investigating the defendants attempted to copy three devices belonging to Desiree Hollandsworth, an iPad, an iPhone, and a Motorolla phone. The iPad has been produced in discovery. The copy made of the iPhone is not useable and therefore cannot be accessed for review by any party. The Motorola phone was wrongly believed to be inaccessible; however, in preparing to answer this request, agents successfully obtained access to the device. As such, a copy of the Motorola phone will be provided promptly.

  b. Federal agents in the District of Connecticut copied two phones belonging to Heather Alfonso, an iPhone 5 and an iPhone 6. Text messages from the phones were produced to you in discovery on April 9, 2018. The government has produced a "logical copy" of both phones under separate cover today. Extraction reports for the "logical copy" of both phones were produced in 28-day discovery on February 2, 2017. We will provide a "file system copy" of each phone promptly.

  c. Federal agents in the District of Connecticut copied a phone belonging to Jeffrey Pearlman, a Motorola Droid. An extraction report for the phone was produced in 28-day discovery on February 2, 2017. Messages and images of the phone were produced to you in discovery on April 9, 2018. We do not currently possess an image of the phone. We have requested a copy and will provide it to you once it is in our possession.

  d. Federal agents investigating Jonathan Roper, Fernando Serrano, Gordon Freedman, Jeffrey Goldstein, Todd Schlifstein, Dialecti Voudouris, and Alexandru Burducea in the Southern District of New York copied the phone of Rachel Ortense. Messages and images of the phone were produced to you in discovery on February 2, 2017 and April 9, 2018. We do not currently possess an image of the phone. We have requested a copy and will provide it to you once it is in our possession.

  e. Federal agents investigating Jonathan Roper, Fernando Serrano, Gordon Freedman, Jeffrey Goldstein, Todd Schlifstein, Dialecti Voudouris, and Alexandru Burducea in the Southern District of New York copied the phone of Fernando Serrano. Excerpts from that phone were produced to you in discovery on April 9, 2018. We do not currently possess an image of the phone. We have requested a copy and will provide it to you once it is in our possession.

  f. Federal agents in Boston copied the phone of Jessica Crane and produced it the District of Connecticut. Excerpts from the phone were produced April 9, 2018. We do not currently possess an image of the phone. We have requested a copy and will provide it to you once it is in our possession.

  g. The Government produced information obtained from copies of cell phones produced to us by counsel for Insys Therapeutics on February 15, 2018. The evidence provided by counsel was copied and produced to you in its entirety. In addition, we have produced the cover letters accompanying those productions, which describe the materials including text messages from certain phones (See e.g. Letters from John T. Bentivoglio dated July 21, 2017 and July 28, 2017). Further, counsel for Insys has identified the vendors that collected phone data for the company, as well as additional information regarding efforts made by those vendors:

| Vendor | Contact | Custodians Collected |
|---|---|---|
| **Deloitte New Jersey** (collections requested by Skadden) | Brian Rydstrom<br>Forensics Manager<br>Deloitte Discovery<br>Deloitte Financial Advisory Services<br>3 Second Street, Harborside Plaza 10<br>Jersey City, New Jersey, 07311<br>Tel/Direct: +1 212 436 7452<br>brydstrom@deloitte.com | - Michael Babich (initial collection from Company blackberry; determined not to have been successful)<br>- Larry Dilaha<br>- Kourtney Nagy Gildner<br>- Richard Horrocks<br>- Sunrise Lee<br>- Matthew Napoletano (current phone at time of collection)<br>- Natalie Perhacs |
| **Stroz Friedberg** (collections requested by Skadden) | Samuel Rubin<br>Director, Digital Forensics<br>STROZ FRIEDBERG<br>1925 Century Park East, Suite 1350, Los Angeles, CA 90067<br>T: +1 310.623.3281<br>SRubin@StrozFriedberg.com | - Michael Babich (recollection from Company blackberry)<br>- Hussein Bahamou<br>- Jessica Crane<br>- Linas Dialide<br>- Elizabeth Gurrieri<br>- Matthew Napoletano (out-of-use phone identified at end of Insys employment)<br>- Dr. John Kapoor<br>- Jeffrey Pearlman<br>- Stephanie Petronelli<br>- Dion Reimer<br>- Jonathan Roper<br>- Richard Simon<br>- Crystal Skelton<br>- Xun Yu<br>- Jane Zera |
| **Deloitte Los Angeles** (collections requested by Jeffer, Mangels, Butler and Mitchell LLP in response to LA USAO subpoena) | John Medeiros<br>Discovery Manager<br>Deloitte Forensic<br>Deloitte Financial Advisory Services, LLP<br>4022 Sells Drive<br>Hermitage, Tennessee 37076-2930<br>Tel/Direct: +1 615 882 6359<br>jmedeiros@deloitte.com | - Alec Burlakoff (initial collection; recollection from Company Blackberry performed by Stroz Friedberg at direction of JMBM)<br>- Karen Hill<br>- Joseph Rowan<br>- Brett Szymanski<br>- Daniel Tondre |

h. It is our understanding that personal cell phones that may have contained information relating to Insys and/or Subsys of Joseph Rowan and Daniel Tondre have been either lost or

destroyed. The government has never been in possession of these cellular devices. Testimony and interviews regarding the loss or destruction of these devices was previously produced.

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). The Government is not otherwise obligated to provide you with information regarding evidence that is not in our possession, custody, or control. Please identify a statute, federal or local rule or case in support of your request for this information.

16. *To the extent not specifically requested above, all exculpatory or impeaching material in the Government's possession, custody, or control. See Brady v. Maryland, 373 U.S. 83 (1963).*

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a).

17. *The names and addresses of all persons that the Government believes possess relevant knowledge or information regarding the allegations or charges in the indictment but whom the Government does not presently intend to call as witnesses at trial.*

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). The Government will provide additional information at a later date as required by to Local Rule 116.2(b).

18. *Records of any disciplinary investigation, disciplinary action, or judicial determination of misconduct taken against any Government official, agent, or employee who participated in any investigation or grand jury proceeding against the Defendants or who the Government presently expects to testify at trial.*

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). The Government will provide additional information at a later date as required by to Local Rule 116.2(b).

19. *For each health care provider whom the Defendants allegedly caused or conspired with to prescribe Subsys in violation of 21 U.S.C. §§ 829, 841, 842, or 846, including but not limited to [portion of the request redacted pursuant to L.R. 116.1 (c)(1)(E)], the name, contact information, and relevant medical records of each patient to whom the health care provider allegedly prescribed Subsys in violation of 21 U.S.C. §§ 829, 841, 842, or 846;*

The Government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

20. *For each health care provider whom the Defendants allegedly caused or conspired with to deprive their patients of their intangible right to honest services, including but not limited to [portion of the request redacted pursuant to L.R. 116.1 (c)(1)(E)], the name, contact information, and relevant medical records of each patient who, in relation to Subsys, was allegedly was deprived of such health care provider's honest services.*

The Government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

21. *The names, contact information, and relevant medical records of the patients whom the Defendants allegedly caused to be treated in violation of (a) the New Hampshire commercial bribery statute; (b) the Connecticut commercial bribery statute; (c) the Texas commercial bribery statute; or (d) the Florida commercial bribery statute.*

The Government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

22. *Documents relating to any review of patient files conducted by a medical doctor or other health care provider at the request of the Government with respect to any investigation regarding Insys or Subsys.*

The Government is not required to produce privileged material to you, or material that is not in its possession and control. The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). The Government will provide additional information at a later date as required by the Court's Order of January 24, 2018 (ECF 277) and by Local Rule 116.2(b).

23. *Any data or analyses relied upon by the Government as support for the allegations made in the Superseding Indictment filed on October 24, 2017, including but not limited to the claim that the number of prescriptions, or volume and dose of prescriptions, written by healthcare practitioners increased after the practitioners began receiving the alleged benefits from Insys.*

The Government has provided data used by Insys Therapeutics in previous discovery productions. The information includes, but is not limited to, email as well as documents entitled, "Weekly SUBSYS Rx by top writers." Examples of data provided in discovery include:

Practitioner # 1: INS1749107-08; INS-BOS-03693298-301
Practitioner #2: INS3368214; INS-BOS-00090265-270
Practitioner #3: INS-BOS-03693298; INS4740372-76
Practitioner #4: INS-BOS-01009115-18; INS-BOS-010090265; INS-BOS-00068096
Practitioner #5: INS4766324-38; INS4740372-76; INS1663394-99
Practitioner #6: INS4740372; INS4750939; INS1417252
Practitioner #7: INS-BOS-07423883; INS-BOS-0090265; INS1663394
Practitioner #8: INS1668031; INS-BOS-00058767; INS-BOS-00068094
Practitioner #9: INS1749107; INS4750939; INS-BOS-00090265; INS1663394
Practitioner # 10: INS-BOS-01031938; INS-BOS-01031939; and INS-BOS-03079352 - INS-BOS-03079358;

The Government will provide analyses of data pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure when required to do so pursuant to the Court's scheduling order. The government is not otherwise required to provide its analyses of data. Please identify a statute, federal or local rule or case in support of your request for this information.

24. *All data obtained from the Automation of Reports and Consolidated Orders System ("ARCOS") relating to Insys or Subsys.*

    The Government has produced all DEA ARCOS data in the possession of the prosecution team. Specifically, DEA ARCOS spreadsheets were produced in 28-day discovery on February 2, 2017. The spreadsheets reflect all transactions of Subsys (yearly), all transactions of Subsys (monthly), all transactions of selected fentanyl products on a monthly basis, drugs in the Rapid Onset Opioid (ROO) class with grams and dosage units, data for Abstral sales over a selected period of time, and data for branded Fentanyl products sold to Pharmacy # 1.

25. *All charts, graphs, or other analyses generated using data obtained from ARCOS relating to Insys or Subsys.*

    The Government will provide non-privileged analyses of data pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure when required to do so pursuant to the Court's scheduling order. The government is not otherwise required to provide its analyses of data. Please identify a statute, federal or local rule or case in support of your request for this information.

26. *All suspicious order reports that the DEA received prior to or during the charged conspiracy period, from any source, regarding [portion of the request redacted pursuant to L.R. 116.1 (c)(1)(E)].*

    The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

27. *All internal DEA documents and communications [portion of the request redacted pursuant to L.R. 116.1 (c)(1)(E)], including but not limited to documents showing any investigation that the DEA took with respect to suspicious order reports with respect to those practitioners or referral of any such reports to the DEA field office covering the relevant practitioner's geographic location.*

    The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

28. *All communications between the DEA and Insys regarding [portion of the request redacted pursuant to L.R. 116.1 (c)(1)(E)].*

    The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

29. *All documents in the possession of DEA regarding any inspection or audit that DEA conducted of Insys, including but not limited to its headquarters or manufacturing facilities.*

The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

30. *Any suspicious order report that DEA received from Insys.*

The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

31. *All internal FDA documents and communications relating to the Risk Evaluation and Mitigation Strategy (REMS) for Subsys and other Transmucosal Immediate Release Fentanyl (TIRF) products, including but not limited to, draft and final review memoranda, emails, meeting or conference call minutes, communications with advisory committee members or other special government employees.*

The Government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

32. *All internal FDA documents and communications relating to the safety and effectiveness of Subsys or any other Fentanyl-containing product, including but not limited to FDA's consideration of Fentanyl's efficacy in treating breakthrough pain in patients with or without cancer.*

The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

33. *All internal CMS documents and communications related to policies and decisions regarding reimbursement of Subsys for breakthrough pain or breakthrough cancer pain.*

The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

The government produced all CMS documents in the possession of the prosecution team in its initial discovery on February 2, 2017, including Excel spreadsheets regarding (1) Subsys Formulary and Prior Authorization requirements; and (2) 2014 OpenPayments data. We have requested additional information and will provide it to you once it is in our possession.

34. *All materials that Insys used to train the company's employees.*

The Government has produced all Insys Therapeutics training materials in its possession. Materials include:

a. Insys training materials provided by counsel for Insys Therapeutics were produced in 28 day discovery on February 2, 2017 within Bates ranges INS0000001 - INS0003632, INS0005589 - INS0014321, and INS-BOS-06180666 - INS-BOS-06650896;
b. Insys training materials provided by counsel for Insys Therapeutics in subsequent productions were produced on April 14, 2017 and can be found within Bates ranges INS-BOS-

07367042 - INS-BOS-07369578 and on June 8, 2017 within Bates ranges INS-BOS-07369579 - INS-BOS-08168081;

    c. Insys training materials provided by Jeffrey Colley were produced on February 2, 2017;

    d. Insys training materials provided by Lacy Fortenberry were produced in 28 day discovery on February 2, 2017;

    e. Insys training materials provided by Thy Le were produced on March 9, 2018, but were made available for review at our office with 28-day discovery on February 2, 2017;

    f. Insys training materials provided by Mark Hein were produced on November 21, 2017 and March 9, 2018, but the materials produced in March were also made available for review at our office on November 21, 2017.

35. *All documents or materials provided by any agent, employee, or contractor of Insys, or any unindicted co-conspirator to any United States Attorney's Office, including but not limited to pursuant to a cooperation agreement, subpoena, civil investigative demand, or Federal Rules of Evidence 408 or 410.*[9]

The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information.

36. *All documents, records, notes, recordings, or other materials relating to any individual identified by the Government as a co-conspirator, including but not limited to [portion of the request redacted pursuant to L.R. 116.1 (c)(1)(E)].*[10]

The Government has met its obligations under Local Rule 116.2(b)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(a). The Government has produced all requested documents that are in the possession of the prosecution team to Defendants. The government is not obligated to provide you with additional information at this juncture. Please identify a statute, federal or local rule or case in support of your request for this information.

37. *Whether, should any Defendant testify on his or her own behalf, the Government will attempt to rely upon specific instances of conduct for the purpose of impeachment and, if so, a description of such instances of conduct.*

The Government will provide additional information at a later date as required by to Local Rule 117.1(a)(4)(B).

38. *Whether the Government presently intends to introduce at trial prior crimes, wrongs, or acts allegedly committed by a Defendant in order to prove motive, scheme, opportunity, intent,*

---

[9] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

[10] We note that this request is duplicative of requests made by you on March 20 and March 22, 2018.

*preparation, plan, knowledge, identity, or absence of mistake or accident and, if so, a detailed description of such crimes, wrongs, or acts. See Fed. R. Evid. 404(b).*

The Government will provide additional information at a later date as required by to Local Rule 117.1(a)(4)(B).

39. *Whether the Government presently intends to admit at trial under Federal Rule of Evidence 801(d)(2)(A) any statements made by a Defendant and, if so, a description of such statements.*

The Government has met its obligations under Rule 16(a)(1)(A) and (B) of the Federal Rules of Criminal Procedure to provide statements of defendants in its possession and declines to provide additional information at this juncture.

40. *Whether the Government presently intends to offer any hearsay evidence under the "residual exception," Fed. R. Evid. 807, and, if so, a description of such evidence and the reasons why it qualifies for admission.*

The Government will provide additional information at a later date as required by Local Rule 117.1(a)(8).

Very truly yours,

Andrew E. Lelling
United States Attorney

By:   K. Nathaniel Yeager
Susan M. Poswistilo
Assistant U.S. Attorneys