`UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | Criminal No. 16-10343-ADB |
| MICHAEL L. BABICH, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON GOVERNMENT'S MOTION FOR RECONSIDERATION
[Docket No. 391]

September 14, 2018

Boal, M.J.

In its opposition to Defendants' motion to compel, the government failed to address the Defendants' argument that ten federal agencies are part of the prosecution team for purposes of Brady, Giglio and Rule 16. At the July 17, 2018 hearing, the Court provided the government with an opportunity to address the issue but the government provided only vague and underdeveloped responses. Docket No. 380 at 11. The government did not ask to submit any supplemental briefing. Accordingly, on August 3, 2018, the Court granted the Defendants' motion to compel in part, finding that the government had failed to address the Defendants' arguments as to the federal agencies and therefore had waived any opposition.

The government has now moved for reconsideration of the Court's order. Docket No. 391. Specifically, the government moves the Court to (1) reconsider its ruling that the government waived its opposition to producing Brady, Giglio, and Rule 16 materials in possession of ten federal agencies; (2) deny Defendants' specific requests for DEA communications regarding wholesaler caps, and for DEA and FDA communications regarding

1

the legitimacy of off-label use of rapid-onset opioids; and (3) either deny the Defendants' motion pertaining to other agency materials as moot, based on the scope of the government's inquiry and production of agency materials, or otherwise limit the scope of the order to agency materials and information in the possession of the prosecution team in this case. Id. at 1.

"Motions for reconsideration are not to be used as 'a vehicle for a party to undo its own procedural failures [or] allow a party to advance arguments that could and should have been presented to the district court prior to judgment.'" United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)). Rather, motions for reconsideration are appropriate only if (1) the moving party presents newly discovered evidence, (2) there has been an intervening change in the law, or (3) if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust. Id. (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)). In its motion for reconsideration, the government has not even mentioned this standard let alone satisfied it.

The government acknowledges that it did not develop its arguments regarding the scope of the prosecution team as well as the materiality of some of the categories of documents that the Defendants seek, but argues that the Court should nevertheless find no waiver. Docket No. 391 at 3, 5-6. It is well-established in this circuit that "[i]ssues adverted to in a perfunctory manner, accompanied by some effort at developed argumentation, are deemed waived." United States v. Harakaly, 734 F.3d 88, 94 (1st Cir. 2013) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). However, the government argues that this rule should be relaxed at the district court level. Docket No. 391 at 6. This Court disagrees.

This and other courts have routinely applied the waiver rule at the trial level. See, e.g.,

Starbrands Capital LLC v. Original MW, Inc., No. 14-cv-12270, 2017 U.S. Dist. LEXIS 37085, at *19 n. 67 (D. Mass. Feb. 27, 2017); Leng v. Gelb, No. 14-cv-10462, 2016 U.S. Dist. LEXIS 178033, at *17 (D. Mass. Dec. 22, 2016); United States v. Robles-Alvarez, No. 14-439, 2016 WL 447488, at *4 (D.P.R. Feb. 4, 2016).  The reasons behind the waiver rule – i.e., finality, predictability, fairness, the proper role of the court[1] – are no less important at the district court level than they are at the appellate level.  Thus, to the extent that the government argues that it is not subject to a waiver finding either because it is the government or because this case is currently at the district court level, the motion for reconsideration is denied.

Even if this Court were inclined to relax the waiver rule in this instance, the government has failed to show that it is entitled to reconsideration.  Having failed to even argue the point in its opposition to Defendants' motion to compel, the government again has failed to provide the Court with the necessary factual record to determine the composition of the prosecution team in this case as it relates to the ten federal agencies involved in the investigation.  The government frames the issue as whether it is now obligated to search the entirety of the ten federal agencies involved in the investigation.  However, the issue is whether agents outside of the government's description of its core group but were involved in other related and overlapping investigations around the country should also be considered part of the prosecution team in this case.  The government has not provided the Court with sufficient information to make that determination.

Nevertheless, the government has agreed to obtain Brady, Giglio and Rule 16 materials from the other United States Attorney's Offices conducting related investigations, which is why

---

[1] "[I]t is not this court's role to assemble a coherent argument for one side merely because evidentiary pieces are mentioned somewhere among the factual recitations and the topic sentence of the argument is supplied in the argument section of the brief."  Colon v. R.K. Grace & Co., 358 F.3d 1, 5-6 (1st Cir. 2003) (citing U.S. Healthcare, Inc. v. Healthsource, Inc., 986 F.2d 589, 599 (1st Cir. 1993)).

this Court denied the motion to compel as moot with respect to information in the possession of the other USAOs.  At the September 13, 2018 hearing, the government represented that the process necessary for gathering that information would necessarily include the information in the possession of those federal agents that worked with the other USAOs.  Given that clarification, the Defendants appear to be satisfied that their request is moot with respect to most of the federal agencies, except for those agencies that have a regulatory component to them, such as the DEA and FDA.

However, the Court still does not have sufficient information about the coordination between the eighteen Boston agents that the government has identified as part of the prosecution team and the regulatory components of the DEA and FDA and, therefore, is unable to determine whether those agencies are part of the prosecution team.  On the other hand, the Defendants' request for information that is likely to be in the possession of those agencies (i.e., DEA communications regarding wholesaler caps, and DEA and FDA communications regarding the legitimacy of off-label use of rapid-onset opioids) is overly broad as drafted.  Therefore, even if the regulatory components of the DEA and FDA were part of the prosecution team, the Court is not inclined to allow the Defendants' requests as presently constituted.

Accordingly, as discussed at the September 13 status conference, the parties shall confer in an effort to narrow this dispute by Friday, September 21, 2018.  The parties shall file a status report regarding their efforts by Monday, September 24, 2018.  If they are not able to come to an agreement, the parties shall indicate what remains to be decided.

**So Ordered.**

      /s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE