**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v.<br><br><br>MICHAEL L. BABICH, et al., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CRIMINAL NO. 16-CR-10343-ADB

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS RICO PREDICATES**
**OF THE SECOND SUPERSEDING INDICTMENT**

ANDREW E. LELLING
United States Attorney

K. NATHANIEL YEAGER
FRED M. WYSHAK, JR.
DAVID G. LAZARUS
MARK T. QUINLIVAN
Assistant U.S. Attorneys
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
nathaniel.yeager@usdoj.gov
fred.wyshak@usdoj.gov
david.lazarus2@usdoj.gov
mark.quinlivan@usdoj.gov

## PRELIMINARY STATEMENT

In moving to dismiss the racketeering predicates of the Second Superseding Indictment ("SSI"), defendants Michael Babich, Alec Burlakoff, Michael Gurry, Richard Simon, Sunrise Lee, Joseph Rowan, and John Kapoor (collectively, the "Defendants") make the very same mistakes they made in moving to dismiss the First Superseding Indictment ("FSI").  When the government charges a defendant, as here, with conspiracy to violate the  Racketeering Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. §1962(d), the government is not required to charge the racketeering acts underlying the RICO conspiracy as separate offenses or to describe those acts with the particularity necessary for separate charges.  That is so, as the Supreme Court made clear in *Salinas v. United States*, 522 U.S. 52, 65-66 (1997), because the government need not prove that the defendant(s) personally conspired to commit two or more predicate acts in a RICO conspiracy prosecution.  Rather, it is sufficient that an indictment allege that the defendant(s) agreed that at least two racketeering acts would be committed by a member of the conspiracy conducting the affairs of an enterprise, and define the pattern of racketeering activity that the enterprise committed.

The SSI easily satisfies that standard in this case.  The SSI alleges that Defendants violated the RICO statute by knowingly joining a conspiracy, the objective of which was to operate an enterprise—Insys—through a pattern of racketeering activity consisting of multiple acts of a specified crime or crimes.  The SSI is pled in the format approved in *United States v. Glecier*, 923 F.2d 496, 499-501 (1991), under which the government may define the pattern of racketeering activity by alleging that the defendant(s) agreed to the commission of multiple violations of specific statutory provision(s) that qualifies as RICO racketeering activity.  This is consistent with basic principles of conspiracy law, as it is well settled that in an indictment for conspiring to

1

commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy.

Yet this is precisely what Defendants say must be done in their motion to dismiss certain of the RICO predicates in the SSI.  Defendants set out the elements to prove a *substantive* violation of certain of RICO predicates alleged in the SSI—those for violations of the Controlled Substances Act ("CSA"), honest services mail fraud, and "money or property" mail fraud—and assert that these predicates should be dismissed because the SSI "fails to allege" all the necessary elements. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss RICO Predicate Charges of the Second Superseding Indictment ("Def. Mem.") at 7-8.  This claim is not well taken.  An indictment charging a RICO conspiracy need not set out the elements of the crimes that are alleged to be the pattern of racketeering activity, nor can Defendants complain that individual racketeering predicates, viewed in isolation, contain insufficient factual specificity.  Defendants' motion should be denied.

## LEGAL STANDARDS

Under the Constitution, a criminal defendant cannot "be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," U.S. Const. amend. V, and he or she has "the right * * * to be informed of the nature and cause of the accusation." U.S. Const. amend. VI.  Consistent with these commands, Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that an indictment must provide "a plain, concise and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1). As the Supreme Court has stated, "the Federal Rules 'were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.'"  *United States v.*

*Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (quoting *United States v. Debrow*, 346 U.S. 374, 376 (1953)).  Thus, "[w]hile detailed allegations might well have been required under common-law pleading rules, they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'"  *Id.* (internal citation omitted, quoting Fed. R. Crim. P. 7(c)(1)).

Hence, "[a]n indictment need not say much to satisfy these requirements—it need only outline 'the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense.'"  *United States v. Stepanets*, 879 F.3d 369, 372 (1st Cir. 2018) (quoting *United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011)).  While there is no prescribed formula, the First Circuit has stated that "[a]n indictment that tracks the language of the underlying statute generally suffices to meet this standard; provided, however, that the excerpted statutory language sets out all of the elements of the offense without material uncertainty."  *United States v. Troy*, 618 F.3d 27, 34 (1st Cir. 2010); *see also United States v. Wells*, 766 F.2d 12, 22 (1st Cir. 1985) ("Viewed in its entirety, an indictment is sufficient if it describes all of the elements of the charged offense using the words of the relevant criminal statute.").  In other words, the statutory language may be used in the indictment to describe the offense, "'but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'"  *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

When considering a motion to dismiss in a criminal case, a court accepts the factual allegations in the indictment as true.  *See, e.g., Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952) ("This case is here to review the granting of a motion to dismiss the indictment.

3

It should not be necessary to mention the familiar rule that, at this stage of the case, the allegations of the indictment must be taken as true."); *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015) ("When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense."') (quoting *United States v. Savarese*, 686 F.3d 1, 7 (1st Cir. 2012)).  This is so because, among other reasons, "[t]he government need not recite all of its evidence in the indictment."  *United States v. Innamorati*, 996 F.2d 456, 477 (1st Cir. 1993). Courts entertaining a motion to dismiss an indictment consequently must not inquire into the sufficiency of the evidence underlying the indictment—for when "a defendant seeks dismissal of the indictment, the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense."  *Savarese*, 686 F.3d at 7.

## ARGUMENT

Defendants contend that three of the RICO predicates alleged in the SSI should be dismissed because the SSI fails to allege a necessary element for a *substantive* violation of the statutes in question.  Relying once again on *Ocasio v. United States*, 136 S. Ct. 1423, 1432 (2016), Defendants assert (Def. Mem. at 7) that, under basic principles of conspiracy law, "each [alleged] conspirator must have specifically intended that *some conspirator* commit each element" of the predicate offense, and contend that the SSI is deficient because it fails to allege necessary elements for violations of the CSA, honest services fraud, and "money or property" mail fraud.  But the very premise underlying Defendants' motion—that a RICO conspiracy indictment must allege the elements of the racketeering predicates that are alleged—is mistaken.

A.    **Background Princples.**

1.    **The RICO statute and *Salinas*.**

The SSI charges Defendants with conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(d).  (SSI ¶¶1-73).  Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  18 U.S.C. §1962(d).  The SSI Indictment alleges that Defendants conspired to violate §1962(c), which provides "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. §1962(c).  The substantive offense under §1962(c) has three predominate elements:  "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity."  *Salinas v. United States*, 522 U.S. 52, 62 (1997).

The RICO statute defines a "pattern of racketeering activity" as "requir[ing] at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."  18 U.S.C. §1961(5).  The term "racketeering activity" is defined to include dozens of crimes under federal and state law.  18 U.S.C. §1961(1).

In *Salinas*—which, once again, goes unmentioned in Defendants' memorandum—the Supreme Court stated that the "relevant statutory phrase in §1962(d) is 'to conspire,'" and this means that "[a] conspiracy may exist even if a conspirator does not commit or facilitate each and every part of a substantive offense."  522 U.S. at 63.  As the Court explained, "[i]t is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues, for the

conspiracy is a distinct evil, dangerous to the public, and so punishable in itself," and it therefore "makes no difference that the substantive offense under §1962(c) requires two or more predicate acts," because "[t]he interplay between subsections (c) and (d) does not permit us to excuse from the reach of the conspiracy provision an actor who does not himself commit or agree to commit the two or more predicate acts requisite to the underlying offense." *Id*. at 65.  The Court thereby resolved a circuit split on whether §1962(d) required that "the defendant must himself commit or agree to commit two or more predicate acts," and thereby abrogated in relevant part *United States v. Winter*, 663 F.2d 1120 (1st Cir. 1981), in which the First Circuit had answered that question in the affirmative.  *See United States v. Bulger*, 816 F.3d 137, 150 n.16 (1st Cir.) (noting that *Winter* had been abrogated in relevant part by *Salinas*), *cert. denied*, 137 S. Ct. 247 (2016).  The Supreme Court thus held that even if the defendant in that case did not accept or agree to accept two bribes, "there was ample evidence that he conspired to violate subsection (c)" because a co-conspirator "committed at least two acts of racketeering activity when he accepted numerous bribes and [the defendant] knew about and agreed to facilitate the scheme," and "[t]his is sufficient to support a conviction under §1962(d)." *Id.* at 66.[1]

The Supreme Court in *Salinas* further noted that unlike the general federal conspiracy statute, 18 U.S.C. §371, which requires that at least one of the conspirators have committed an act to effect the object of the conspiracy, "there is no requirement of some overt act or specific act" in

---

[1] The government notes that in *United States v. Ramirez-Rivera*, 800 F.3d 1 (1st Cir. 2015), *cert. denied*, 137 S. Ct. 908, 137 S. Ct. 917 (2016), the First Circuit quoted a pre-*Salinas* decision for the proposition that in a prosecution charging RICO conspiracy, the government must prove, *inter alia*, that the defendant participated in the affairs of the enterprise "through a pattern of racketeering activity by agreeing to commit, or in fact committing, two or more predicate offenses." *Id.* at 18 (quoting *United States v. Shifman*, 124 F.3d 31, 35 (1st Cir. 1997). As *Salinas* makes clear, however, the government is not required to prove in a RICO conspiracy prosecution that a defendant himself committed or agreed to commit the two or more predicate acts requisite to the underlying offense.  522 U.S. at 65-66.

§1962(d).  522 U.S. at 63.  Thus, the Court stated, "[t]he RICO conspiracy provision, then, is even more comprehensive than the general conspiracy offense in §371."  *Id.*

## 2.   Pleading a pattern of racketeering activity

As *Salinas* makes clear, an indictment charging a RICO conspiracy "does not require proof that a defendant 'himself committed or agreed to commit the two predicate acts requisite for a substantive RICO offense under §1962(c).'"  *Cianci*, 378 F.3d at 90 (quoting *Salinas*, 522 U.S. at 63).  Rather, a defendant "must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor."  *Salinas*, 522 U.S. at 65.  In other words, "[t]he essence of a RICO conspiracy is not an agreement to commit predicate crimes but an agreement to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering."  *United States v. Zemek*, 634 F.2d 1159, 1170 n.15 (9th Cir. 1980).

The government consequently is not required to charge the racketeering acts underlying a RICO conspiracy as separate offenses or to describe those acts with the particularity necessary for separate charges.  To the contrary, in *Glecier*, the Seventh Circuit held that proof of a RICO conspiracy "centers on the act of agreement, which makes unnecessary—and in many cases impossible—the identification in the indictment of specific predicate acts that have come to fruition."  923 F.2d at 501.  The indictment in *Glecier* charged the defendant (a county-court judge) with conspiracy to engage in "multiple acts of bribery prohibited by specified provisions of the Illinois criminal code," and the Seventh Circuit held that this language adequately identified the racketeering pattern at issue and rejected the notion that the indictment needed to further "specify [the] individual predicate acts of racketeering" by, for example, "listing the specific bribes by date and/or case name."  *Id.* at 499-501.  The Second Circuit has likewise held that because a RICO

conspiracy charge "need not specify the predicate or racketeering acts that the defendants agreed would be committed, it is sufficient to allege and prove that the defendants agreed to the commission of multiple violations of a specific statutory provision that qualifies as RICO racketeering activity." *United States v. Applins*, 637 F.3d 59, 81 (2d Cir. 2011) (internal citations omitted); *see also United States v. Phillips*, 874 F.2d 123, 129-30 (3d Cir. 1989) (holding that where RICO conspiracy count generally identified racketeering acts as acts of bribery and extortion, the government "can rely on any act of bribery and extortion, so long as that act occurred within the time frame of the conspiracy and was established by proof[] at the trial").

Although the First Circuit has not expressly considered a challenge to the *Glecier* pleading format, it has interpreted the Sentencing Guidelines in a manner that would avoid any inconsistency with *Glecier*.  In *United States v. Carrozza*, 4 F.3d 70, 76-83 (1st Cir.1993), the First Circuit held that the term "underlying racketeering activity" in USSG §2E1.1(a)(2) means simply any act, whether or not charged against defendant personally, that qualifies as a RICO predicate act under 18 U.S.C. §1961(1) and is otherwise relevant conduct under USSG §1B1.3.  As relevant here, the First Circuit noted that the contrary conclusion reached by the district court would be inconsistent with *Glecier*:

> Aside from its departure from the relevant conduct guideline, the district court's interpretation could raise other problems.  For example, in some circuits the government need not allege specific predicate acts when it charges a defendant with RICO conspiracy. *See United States v. Glecier*, 923 F.2d 496, 501 (7th Cir.), *cert. denied*, 502 U.S. 810, 112 S. Ct. 54, 116 L.Ed.2d 31 (1991); *United States v. Phillips*, 874 F.2d 123, 127-28 (3d Cir. 1989).  A court sentencing a defendant in such a case would be put in a difficult position if forced to apply literally the district court's analysis. Because such cases do not identify and charge the "underlying racketeering activity," a court following the district court's approach might be limited to the base offense level of 19 as specified in §2E1.1(a)(1), even though the real offense conduct underlying the conspiracy is considerably more serious than other level 19 offenses.

4 F.3d at 77 n.4.  That the First Circuit sought to avoid a reading of USSG §2E1.1(a)(1) that would raise problems in circuits that had adopted a *Glecier* pleading—particularly at a time when pre-*Salinas* circuit authority required that the defendant himself commit or agree to commit two or more predicate acts, *Winter*, 663 F.2d at 1136—strongly suggests that, post-*Salinas*, the First Circuit would have little difficulty approving *Glecier*.

Hence, because it is not necessary to allege or prove the specific predicate acts that support a RICO conspiracy charge, courts have uniformly rejected claims that the pattern of racketeering activity alleged in an indictment must specify the elements of the crimes that constitute the pattern. *See, e.g., United States v. Villareal-Heredia*, 2013 WL 3179515, at *1 (S.D. Cal. June 20, 2013) ("The Court concludes that the Second Superseding Indictment alleged the essential racketeering conspiracy elements.  There is no requirement that the indictment allege each of the elements of the state and federal law violations that constitute the predicate offenses."); *United States v. Weaver*, 2010 WL 1633319, at *2 (S.D. W.Va. April 20, 2010) ("The indictment need not, however, address each constituent aspect of an enterprise that must be proven as if it were a discrete element of the offense, the elements (loosely speaking) of an enterprise are not elements of RICO or VICAR.  The same principle applies to the racketeering activity element of RICO and the predicate claims of violence element of VICAR.  Therefore, the elements of the predicate acts need not be specifically alleged in the indictment.") (internal citations omitted); *United States v. Boyd*, 309 F. Supp. 2d 908, 915 (S.D. Tex. 2004) (in denying motion to dismiss RICO counts that alleged that pattern of racketeering included violations of the Interstate Transportation in Aid of Racketeering Act ("ITAR"), stating that "[b]ecause there is no requirement that an indictment allege both the essential elements of the ITAR statute and each element of the underlying state

offense comprising the 'unlawful activity' element of the ITAR offense, the court concludes that the ITAR allegations in the Indictment have been adequately pleaded").

Rather, courts have held that the government need only "allege specific crimes or types of crimes that the conspiracy agreed to commit and that would constitute a 'pattern of racketeering activity' if carried out." *United States v. Dimora*, 829 F. Supp. 2d 574, 586 (S.D. Ohio 2011) (citing *Applins*, 637 F.3d at 81, and *Glecier*, 923 F.2d at 500); *see also United States v. Gilmore*, 2017 WL 9516566, at *2 (W.D.N.C. July 20, 2017) ("[T]o secure a conviction for RICO conspiracy, the Government is not required to prove, or even allege, the actual completion of a single racketeering act by the defendant or any other member of the conspiracy. The Government need only prove that the co-conspirators 'agree[d] to pursue the same criminal objective,' regardless of whether that objective was ever initiated or completed. To that end, the Government may allege the types of crimes that constitute the pattern of racketeering activity without alleging specific racketeering acts.") (quoting *Salinas*, 522 U.S. at 63; other internal citation omitted); *United States v. Ledbetter*, 2015 WL 5117979, at *5 (S.D. Ohio Sept. 1, 2015) ("This Court follows suit in holding that an indictment under §1962(d) need not allege the 'specific predicate acts' that the defendant agreed someone would commit. Instead, the indictment need only allege 'that the defendant[] agreed to the commission of multiple violations of a specific statutory provision that qualifies as RICO racketeering activity.'") (quoting *Dimora*, 829 F. Supp. 2d at 586.

The conclusion that an indictment charging a RICO conspiracy need not specify the elements of the offenses that are alleged to form the pattern of racketeering activity is consistent with longstanding principles of conspiracy law. As the Supreme Court long ago stated:

> It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense.

*Wong Tai v. United States*, 273 U.S. 77, 81 (1927) (internal citations omitted).  The First Circuit thus has stated that in an indictment for conspiring to commit an offense, "the conspiracy is the gist of the crime, and it is therefore unnecessary to allege all the elements essential to the commission of the offense which is the object of the conspiracy." *United States v. Eirby*, 262 F.3d 31, 38 (1st Cir. 2001) (citing *Wong Tai*, 273 U.S. at 81, and *United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993)); *United States v. Campbell Hardware, Inc.*, 470 F. Supp. 430, 433 (D. Mass. 1979) ("It is well settled that an indictment which charges a conspiracy to commit an offense, as opposed to charging the substantive offense itself, need not allege the elements of the substantive offense with the same technical precision.").[2]  Other courts have reached the very same conclusion. *See, e.g.*, *United States v. Orena*, 32 F.3d 704, 714 (2d Cir. 1994) (federal indictment charging conspiracy to murder in aid of racketeering need not allege all elements of predicate state law murder conspiracy; only a "generic definition" of predicate offense is required); *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 779 (E.D. Va. 2004) ("Notably, neither the elements nor the details of the predicate racketeering offenses are essential elements of (i) a [18 U.S.C. §1959]

---

[2] The only exception the First Circuit has identified is an indictment charging mail fraud conspiracy, as the court held that "a mail fraud conspiracy depends so crucially on the underlying fraud that the fraud also must be specified in the applicable count." *Yefsky*, 994 F.2d at 893.  But the First Circuit subsequently cited *Yefsky* in *Eirby* in reaffirming the general principle that it is unnecessary to allege all the elements essential to the commission of the offense which is the object of the conspiracy in a conspiracy indictment, *see* 262 F.3d at 23, which makes clear that *Yefsky* is the exception rather than the rule.

charge or (ii) a [18 U.S.C. §3] charge, where the underlying offense in the §3 charge is a §1959 offense.  Thus, those elements and details need not be specifically alleged in these counts.")/

A good illustration of this principle is the Sixth Circuit's unpublished decision in *United States v. Barnes*, 922 F.2d 842, 1991 WL 1336 (6th Cir. Jan. 10, 1991) (per curiam) (Mem.).  In that case, the defendant, who had been convicted of conspiracy to distribute heroin and possession of heroin with intent to distribute, in violation of 21 U.S.C. §§846 and 841(a)(1), argued that the indictment charging him with conspiracy was fatally defective, *inter alia*, because it failed to allege that the purpose of the alleged conspiracy was to have been accomplished knowingly and intentionally.  1991 WL 1336, at *5.  In particular, and relying on *United States v. Pupo*, 841 F.2d 1235, 138-39 (4th Cir. 1987), the defendant argued that the indictment should have read that he "entered into the conspiracy 'knowingly and intentionally'" or that "the object of the alleged conspiracy [possession of heroin with intent to distribute it and distribution of heroin, was] to have been accomplished knowingly and intentionally."  *Id.*  The Sixth Circuit found no merit to this argument, explaining that while scienter is an element of the substantive offense of a violation of 21 U.S.C. §841(a)(a), it need not be alleged in an indictment charging a defendant with conspiracy:

> This contention is without merit.  *Pupo* indeed holds that an indictment is defective if it fails to allege elements of scienter that are expressly contained in the statute that describes the offense.  *Id.* Pupo's offense, however, was a substantive crime, not conspiracy. It is well settled that an indictment for conspiring to commit an offense need not allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy.

*Id.* (citing *United States v. Reynolds*, 762 F.2d 489, 494 (6th Cir.1985), in turn citing *Wong Tai*, 273 U.S. at 81).

With these background principles in mind, the government turns to the allegations in the SSI.

**B.      The Indictment Pleads a "Pattern of Racketeering Activity."**

Judged against the proper legal standard, the SSI easily satisfies the requirements of Rule 7(c)(1).  The SSI charged Defendants, being persons employed by and associated with Insys, an enterprise engaged in, and whose activities affected interstate commerce, with knowingly conspiring to conduct and participate, directly and indirectly, in the conduct of the affairs of such enterprise through a pattern of racketeering activity.  (SSI ¶23).  The SSI further alleges that the pattern of racketeering activity through which Defendants, along with others known and unknown to the Grand Jury, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise consisted off multiple:

    a.   acts indictable under Title 18 United States code, Section 1341 (mail fraud);

    b.   acts indictable under Title 18, United States Code, Sections wire U.S.C. §§1343 and 1346 (honest services mail fraud);

    c.   offenses involving the distribution of controlled substances, in violation of 21 United States Code, Sections 841 and 846;

    d.   acts indictable under Title 18, United States Code, Section 1343 (wire fraud);

    e.   acts indictable under Title 18, United States Code, Sections 1343 and 1346 (honest services wire fraud).

(SSI ¶24).  The SSI further alleges, *inter alia*, that (1) Defendants paid bribes and kickbacks that were disguised as honoraria purportedly for practitioners' participation in educational events regarding the use of Subsys; (2) that Defendants used the bribes and kickbacks to fraudulently cause insurers to pay for new prescriptions, as well as for increases in dosages and units of new and existing prescriptions, deprive patients of the honest services of their practitioners, and cause practitioners to prescribe Subsys without regard to the medical condition affecting individual patients, and, therefore, outside the usual course of professional practice and not for a legitimate

medical purpose; (3) that Defendants arranged and coordinated the bribes and kickbacks using interstate wire transmissions, including emails, texts, and telephone calls; and (4) that Defendants caused bribes and kickbacks to be sent and delivered by the United States Postal Service and by private and commercial interstate carriers. (SSI ¶¶29-34). This was more than sufficient to outline the elements of the crime—including that Defendants conspired to conduct the affairs of the enterprise through a pattern of racketeering activity—so that Defendants can prepare a defense, avoid unfair surprise at trial, and plead double jeopardy in any future prosecution for the same offense. And this conclusion is only underscored by the substantial discovery that the government has provided Defendants in this case.

Defendants nonetheless contend (Def. Mem. at 7-20) that the racketeering predicates involving the CSA, honest services fraud, and "money or property" mail fraud must be dismissed because they fail to allege necessary elements of these crimes. Specifically, Defendants assert (Def. Mem. at 7-8) that (1) "[w]ith respect to the CSA, the government must show an agreement to give prescription medications to patients who do not need them"; (2) "[w]ith respect to honest services fraud, the government must show an agreed-upon and intended breach of fiduciary duty by a practitioner, as well as agreed-upon and intended deception"; and (3) [w]ith respect to mail fraud, the government must show that use of the mails in furtherance of a scheme to obtain money or property through deception." These racketeering predicates therefore must be dismissed, Defendants maintain (Def. Mem. at 8), because "[t]he SSI fails to allege any of these things."

This argument fails for all the reasons discussed above: Because a RICO conspiracy charge "need not specify the predicate or racketeering acts that the defendants agreed would be committed, it is sufficient to allege and prove that the defendants agreed to the commission of multiple violations of a specific statutory provision that qualifies as RICO racketeering activity."

*Applins*, 637 F.3d at 81.  The SSI does that in this case, and Defendants do not make any attempt to distinguish *Glecier* and its progeny (to the contrary, and like the Supreme Court's decision in *Salinas*, *Glecier* also goes unmentioned in Defendants' Memorandum).  In these circumstances, and as the First Circuit has stated in rejecting an analogous argument, "the problem with [Defendants'] argument is that it fails to attack the facial validity of the indictment and instead challenges the government's substantive case."  *Ngige*, 780 F.3d at 502.  But that is a challenge that must be made to the government's proof at trial, as here, in a motion to dismiss.  .

Defendants, to be sure, do cite *Ocasio* in support of the proposition that each conspirator must have specifically intended that some conspirator commit each element of the predicate offense, but, as the government has shown previously, their reliance on that decision is misplaced. The question in *Ocasio* was not what must be pled in an indictment to satisfy the requirements of Rule 7(c)(1), but rather what the government needed to prove at trial to convict a defendant for conspiracy to commit Hobbs Act extortion.  Those questions, of course, are altogether different. *See, e.g.*, *United States v. Turkette*, 656 F.2d 5, 8 (1st Cir. 1981) (defendant's reliance on two Fifth Circuit decisions was misplaced because "[i]n each of those cases the court found that the evidence was not sufficient to sustain a conviction on the RICO conspiracy count as to one of the defendants," and neither decision "suggest[s] any grounds for holding this indictment legally invalid"); *United States v. Stierhoff*, 500 F. Supp. 2d 55, 61 (D.R.I. 2007) ("Defendant's argument is flawed because it fails to distinguish between what the government must allege in an indictment and *what it must prove at trial*.  Defendant is correct in asserting that the government must prove at trial that he voluntarily and intentionally violated a known legal duty; Defendant, however, points this Court to *no* authority that requires the government to allege every component of the willfulness requirement in an indictment.") (emphasis in original), *aff'd*, 549 F.3d 19 (1st Cir.

2008).   Moreover, the statute at issue in *Ocasio* was the general federal conspiracy statute, 18 U.S.C. §371, not the RICO conspiracy statute, and in *Salinas*, as noted, the Supreme Court said that §1962(d) "is even more comprehensive than the general conspiracy offense in §371."   522 U.S. at 63.

The government wishes to emphasize that the fact that it need not *plead* the elements of the racketeering predicates does not, of course, mean that it is excused from *proving* at trial the elements of the RICO conspiracy alleged in the SSI.   *See, e.g., United States v. Carillo*, 229 F.3d 177, 183 (2d Cir. 2000) ("[T]he proposition that the indictment need not *recite* all elements of the state law offense constituting a racketeering act does not, without further explanation, lead to the conclusion that the government is excused from *proving* those elements.") (emphasis in original); *Dimora*, 829 F. Supp. 2d at 586 ("That there is no need to allege specific predicate acts in a RICO conspiracy indictment does not, however, let the government completely off the hook.   The government ultimately must still prove that the RICO conspiracy defendant 'intended to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense.'" In this case, that means the government must prove that the defendant intended to further a pattern of racketeering activity.") (quoting *Salinas*, 522 U.S. at 65).   Defendants will have ample opportunity to test the government's proof at trial and argue that it fails to establish that they are guilty of conspiring to violate the RICO statute, whether through a motion for judgment of acquittal under Fed. R. Crim. P. 29 or other means.   Defendants' motion to dismiss certain of the racketeering predicates for failure to allege the underlying elements of those crimes, however, is devoid of merit for all the reasons set forth above, and should be denied accordingly.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Defendants' motion to dismiss RICO predicate charges of the SSI.


Date:  November 14, 2018                     Respectfully submitted,

                                             ANDREW E. LELLING
                                             United States Attorney

                              By:     */s/ Mark T. Quinlivan*
                                             K. NATHANIEL YEAGER
                                             FRED M. WYSHAK, JR.
                                             DAVID G. LAZARUS
                                             MARK T. QUINLIVAN
                                             Assistant U.S. Attorneys
                                             John Joseph Moakley U.S. Courthouse
                                             One Courthouse Way, Suite 9200
                                             Boston, Massachusetts 02210
                                             (617) 748-3100
                                             nathaniel.yeager@usdoj.gov
                                             fred.wyshak@usdoj.gov
                                             david.lazarus2@usdoj.gov
                                             mark.quinlivan@usdoj.gov


## CERTIFICATE OF SERVICE

I, Mark T. Quinlivan, hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for the defendants.

                              By:     */s/ Mark T. Quinlivan*
                                             MARK T. QUINLIVAN