UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| MICHAEL L. BABICH, ALEC | * | Criminal Action No. 16-cr-10343-ADB |
| BURLAKOFF, MICHAEL J. GURRY, | * | |
| RICHARD M. SIMON, SUNRISE LEE, | * | |
| JOSEPH A. ROWAN, and JOHN KAPOOR, | * | |
| | * | |
| Defendants. | * | |

**ORDER REGARDING DEFENDANTS' OBJECTIONS TO ORDER
DENYING DEFENDANTS' MOTION FOR A BILL OF PARTICULARS**

BURROUGHS, D.J.

On November 20, 2018, Magistrate Judge Jennifer C. Boal, pursuant to an order of

reference, denied Defendants Michael Babich, Michael Gurry, Richard Simon, Sunrise Lee,

Joseph Rowan, and John Kapoor's (collectively, "Defendants") second motion for a bill of

particulars.  [ECF No. 537].  On December 4, 2018, Defendants filed objections to that order and

renewed their request for a bill of particulars concerning:  (i) the forms of bribes or kickbacks

that the government intends to allege at trial, other than the forms specifically identified in

paragraph 29 of the Indictment; (ii) the speaker program events that the government intends to

allege at trial lacked any legitimate marketing or educational component; (iii) the "office staff"

whose salaries the government intends to allege at trial that Insys paid as a bribe or kickback,

other than those identified in paragraphs 56-58 of the Indictment; (iv) the Insys employees whom

the government intends to allege at trial performed "administrative tasks" as a bribe or kickback,

and the nature of the administrative tasks that the government claims were bribes or kickbacks;

(v) the specific patients, if any, that the government intends to allege at trial were tangibly

harmed by the alleged honest services fraud scheme; (vi) any fraudulent insurance submissions

that the Government intends to introduce at trial that are outside of the approximately 154 prior authorization phone calls that the Government identified in the bill of particulars that it voluntarily provided to Defendants on August 21, 2018; and (vii) and the specific patients, if any, that the government intends to argue at trial received Subsys in violation of the Controlled Substances Act.  [See ECF No. 566].

The Court requests the Government to confirm, in writing, by December 18, 2018 whether it intends to introduce at trial evidence or argument concerning any of the following:

a)  Forms of alleged bribes or kickbacks other than (i) honoraria; (ii) services of Insys employees; (iii) salaries of office staff; (iv) sham dinners; or (v) volume discounts to pharmacies.

b)  Speaker program events concerning practitioners other than the thirteen alleged co-conspirator practitioners identified in the Second Superseding Indictment and the September 25, 2018 discovery letter (hereinafter, the "thirteen alleged co-conspirator practitioners").

c)  Office staff salaries allegedly paid as bribes or kickbacks to anyone other than the thirteen alleged co-conspirator practitioners.

d)  Services of Insys employees allegedly performed as bribes or kickbacks to anyone other than the thirteen alleged co-conspirator practitioners.

e)  Patients who were allegedly harmed as a result of taking Subsys or by the scheme to illegally distribute Subsys.

f)  Prior authorization telephone calls other than the 154 prior authorization telephone calls identified on the August 21, 2018 Bill of Particulars [ECF No. 399].

g) Specific shipments or prescriptions of Subsys that were allegedly in violation of the

Controlled Substance Act.

**SO ORDERED.**

December 14, 2018                                         /s/ Allison D. Burroughs
                                                         ALLISON D. BURROUGHS
                                                         U.S. DISTRICT JUDGE