UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 16-CR-10343-ADB |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| MICHAEL L. BABICH, et al., | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
TO PRECLUDE "TESTIMONY OR OTHER EVIDENCE RELATING TO THE
PROVISION OF LEGAL ADVICE TO INSYS AND ITS BOARD OF DIRECTORS"**

The Defendants have moved to preclude what they characterize to be "testimony or other evidence relating to the provision of legal advice to Insys Therapeutics (Insys) and its Board of Directors."  The Defendants' motion should be denied without prejudice.  The substance of the testimony the government anticipates it will elicit at trial from two witnesses—Danielle Davis and Leslie Zacks[1]—constitutes business advice, not legal advice.  The Defendants will be free, of course, to object at trial to specific questions if they believe that the questions call for an answer that goes beyond business advice and is privileged, and the Court can hear a proffer of the anticipated testimony before making a ruling.  To the extent the Defendants' motion seeks an across-the-board ruling that the anticipated testimony is protected from disclosure by the attorney-client privilege, the motion should be denied without prejudice

A.     **Legal Principles**

The attorney-client privilege protects "[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance." *Fisher v. United States*, 425 U.S. 391, 403 (1976).  The

---

[1] The government does not intend to call Franc del Fosse at trial.

attorney-client privilege is intended to encourage "full and frank communication between attorneys and their clients," and "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 389-90 (1981).

In *Upjohn*, the Supreme Court held that the attorney-client privilege applies to corporations and explained that the attorney-client privilege for business organizations was essential in light of "the vast and complicated array of regulatory legislation confronting the modern corporation," which required corporations to "constantly go to lawyers to find out how to obey the law, . . . particularly since compliance with the law in this area is hardly an instinctive matter." *Id*. at 392, (internal quotation marks and citation omitted). The communications in *Upjohn* were made by company employees to company attorneys during an attorney-led internal investigation that was undertaken to ensure the company's "compliance with the law." *Id*. at 392; *see also id.* at 394. The Court ruled that the privilege applied to the internal investigation and covered the communications between company employees and company attorneys. *Id.* at 392-402. Applying the rationale of *Upjohn*, the D.C. Circuit has held, for example, that a company's prior internal investigation into alleged fraud, which was conducted pursuant to the company's code of business conduct, and which was overseen by the company's law department, was protected from disclosure by the attorney-client privilege. *See In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 757-60 (D.C. Cir. 2014) (Kavanaugh, J.).

Courts also have long recognized, however, that "the mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege." *In re Grand Jury Proceedings*, 615 F.3d 1172, 1182 (10th Cir. 2010) (internal quotation omitted). Because "the purpose of the privilege is to promote the dissemination

of sound legal advice," the privilege extends "only to advice which is legal in nature" and, "[w]here a lawyer provides non-legal business advice, the communication is not privileged." *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3d Cir. 2007); *see also Burden–Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003) (attorney-client privilege covers legal subjects, and "it is hard to see why a business evaluation meets that description"); *North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 517 (M.D.N.C. 1986) ("Business advice, such as financial advice or discussion concerning business negotiations, is not privileged.") (citations omitted); *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1, 4 (N.D. Ill. 1980) (counsel must be "involved in a legal, not business capacity" for the privilege to apply).  As Judge Stearns has explained, "[a] key component of the [attorney-client] privilege is that the communications with the attorney must call upon the attorney in his or her capacity as a legal advisor," and the giving of business advice and requests for such advice do not fall under this umbrella and are not protected. *America's Growth Capital, LLC v. PFIP, LLC d/b/a Planet Fitness*, 2014 WL 1207128, at *2-3 (D. Mass. Mar. 14, 2014).

Courts in this district, to be sure, have noted that it sometimes difficult to distinguish between legal and business advice, particularly where in-house counsel is involved. *See Crane Security Technologies, Inc. v. Rolling Optics, AB*, 230 F. Supp. 3d 10, 23 (D. Mass. 2017); *America's Growth*, 2014 WL 1207128, at *3; *United States v. Windsor Capital Corp.*, 524 F. Supp. 2d 74, 81 (D. Mass. 2007).  It is settled, however, that the mere fact that advice was provided by an attorney does not transform business advice into a privileged attorney-client communication. *See America's Growth Capital,* 2014 WL 1207128, at *2-3; *see also Wultz v. Bank of China Ltd.*, 979 F. Supp. 2d 479, 495 n.103 (S.D.N.Y. 2013) ("Business advice, even when provided by licensed attorneys, is not protected by the attorney-client privilege.").  As the First Circuit has

stated, "[t]he attorney-client privilege attaches only when the attorney acts in that capacity." *Texaco Puerto Rico, Inc. v. Dep't of Consumer Affairs*, 60 F.3d 867, 884 (1st Cir. 1995).

### B.      The Anticipated Testimony

#### 1.      Danielle Davis

Ms. Davis is an attorney, but her position at Insys was as the Director of Compliance, and the substantive content of her advice (and her proposed testimony), broadly speaking, dealt with her efforts at cleaning up the Internal Reimbursement Center (IRC) and making proactive business changes that would decrease future regulatory exposure, rather than providing legal advice on current liabilities.   In her capacity as the Director of Compliance, Ms. Davis initiated an investigation into the IRC's practices, and she is expected to testify about this investigation and the fact that the policies and procedures utilized by the IRC did not significantly change after the investigation.  Ms. Davis also is expected to testify about a presentation she gave to the Insys Board regarding the issues she observed going on at the IRC.

In these circumstances, Ms. Davis's proposed testimony constitutes business rather than legal advice.  *Cf. Wultz v. Bank of China Ltd.*, 61 F. Supp. 3d 272, 294 (S.D.N.Y. 2013) (investigation conducted by compliance department of bank following receipt of demand letter not protected by attorney-client privilege because bank's in-house counsel "had no involvement beyond being notified of the investigation by BOC's Chief Compliance Officer," and Chief Compliance Officer "then set about performing the investigation within the Compliance Department—without the involvement of any counsel, and not for the purpose of obtaining legal assistance"); *United States ex rel. Frazier v. IASIS Healthcare Corp.*, 2012 WL 130332, at *3 (D. Ariz. Jan. 10, 2012) (concluding that qui tam relator Jerre Frazier, a licenses attorney who was the Chief Compliance Officer and Vice President of Ethics and Business Practices of IASA Healthcare

Corporation ("IASIS"), did not have an attorney-client relationship with IASIS because "Frazier was a compliance officer for IASIS and was not IASIS's attorney."); *United States ex rel. Baklid-Kunz v. Halifax Hosp. Medical Center*, 2012 WL 5415108, at *8 (M.D. Fla. Nov. 6, 2012) (finding that "for the most part," "documents or communications that relate to audits and reviews performed by [Hospital's] Case Management Department, Compliance Department, Finance Department and/or any hospital department other than the Legal Department" were not privileged); *see also* Jose A. Tabuena, *The Chief Compliance Officer vs the General Counsel: Friend or foe?*, Compliance & Ethics 4, 7 (2006) ("Compliance is a management, not legal, function.").  Indeed, Ms. Davis had direct access to the executives and Board in her role as the Director of Compliance, which is probative that she was acting in her role as Director of Compliance rather than as a member of the legal team.  *Cf. United States ex rel. Frazier*, 2012 WL 130332, at *3 ("On numerous occasions, [Frazier] told individuals that their conversations were not privileged because he was a compliance officer who reported to the CEO and was not IASIS's attorney or a member of the Legal Department.").

Ms. Davis's role, in other words, was different from that of an in-house counsel.  In *Upjohn Co.*, the Supreme Court recognized that if the attorney-client privilege did not apply to communication between employees and in-house counsel, it would limit efforts of corporate counsel to ensure compliance with the law.  449 U.S. at 392.  Here, by contrast, both in title and in function, Ms. Davis was acting in a compliance rather than a legal role at Insys, and her proposed testimony therefore is not privileged.  *Cf. Wultz*, 61 F. Supp. at 294; *United States ex rel. Frazier*, 2012 WL 130332, at *3; *United States ex rel. Baklid-Kunz*, 2012 WL 5415108, at *8.  If the Defendants believe that a specific question or questions asked of Ms. Davis at trial calls for an

answer that goes beyond business advice and is privileged, they will be free to make that objection, and the Court can hear a proffer of the anticipated testimony before making a ruling.

### 2. Leslie Zacks

Mr. Zacks also is an attorney but he was never employed by Insys, and he served primarily as an outside compliance officer.  Mr. Zacks's anticipated testimony is not privileged for the same reason that Ms. Davis's is not privileged: it constitutes business advice, not legal advice. Mr. Zacks is expected to testify, for example, that he created a compliance program and made compliance presentations, that he made a "basic high-level" presentation on compliance to the Insys Board at the 2012 launch meeting, and that he provided compliance advice to Insys executives and employees.  As with Ms. Davis, this anticipated testimony constitutes business rather than legal advice.  *Cf. Wultz*, 61 F. Supp. at 294; *United States ex rel. Frazier*, 2012 WL 130332, at *3; *United States ex rel. Baklid-Kunz*, 2012 WL 5415108, at *8.

The Defendants take particular issue with a telephonic presentation made to the Insys Board shortly after Insys received a HIPAA subpoena from the government, in which he discussed the short term and near term actions that Insys should take, and characterizes this as a privileged legal presentation.  The government disagrees for the reasons discussed above.  Here, once again, if the Defendants believe that a specific question or questions asked of Mr. Zacks at trial regarding this presentation, or any other matter, calls for an answer that goes beyond business advice and is privileged, they will be free to make that objection, and the Court can hear a proffer of the anticipated testimony before making a ruling.

## CONCLUSION

WHEREFORE, the United States respectfully requests the Defendants' motion be denied

without prejudice.

ANDREW E. LELLING
United States Attorney

Dated: January 28, 2019      By:    /s/ *K. Nathaniel Yeager*
                                        K. NATHANIEL YEAGER (BBO # 630992)
                                        DAVID G. LAZARUS  (BBO #624907 )
                                        FRED WYSHAK, JR. (BBO #535940)
                                        Assistant U.S. Attorneys
                                          One Courthouse Way, Ste. 9200
                                        Boston, MA  02210
                                          (617) 748-3100
                                          david.lazarus2@usdoj.gov
                                          nathaniel.yeager@usdoj.gov
                                          fred.wyshak@usdoj.gov

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically
to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *K. Nathaniel Yeager*
Dated: January 28, 2019                             Assistant U.S. Attorney