UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RICHARD M. SIMON, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   CRIMINAL NO. 1:16-CR-10343-ADB<br>)<br>)<br>)<br>)<br>) |

**Defendants Simon and Kapoor's Opposition Motion to United States' Motion in Limine**

Defendants Richard M. Simon and Dr. John Kapoor submit this opposition to the Government's Motion in Limine to admit certain text messages between Defendant Richard Simon and T.A., a former Insys Specialty Sales Professional and listed co-conspirator. Defendants oppose the introduction of this evidence because it relates to a Dr. H., who was not identified in the Second Superseding Indictment ("SSI") or the 28-Day Letter as an unindicted co-conspirator. As the Government is well aware, this Court has repeatedly precluded evidence insinuating that the Defendants bribed doctors who the Government did not identify as unindicted co-conspirators. The Court has also prevented the Government from seeking to prove one half of any bribe by excluding evidence that Defendants or others at Insys sought to bribe other undisclosed practitioners.

The Court's approach has properly limited evidence of alleged bribery to the 13 disclosed unindicted co-conspirators. At this point in the trial, the Court should not depart from that approach.

1

I.      **The Defendants Have Relied Upon the Court's Prior Orders on This Same Issue**

Over the past seven weeks of trial, the Court has made several rulings on this very issue. For example, on February 22, 2019, the Court struck testimony from Mr. Babich regarding four doctors who were not identified in the SSI or in the Government's 28-Day Letter. Similarly, on March 5, 2019, the Court denied the Government's Motion for Clarification, or in the Alternative, Motion to Amend the List of Unindicted Co-Conspirators. In its order, the Court held that it would "limit the testimony on the facts that there were bribes on other doctors or . . . evidence that insinuates that there was." [Tr. 3/5/2019 at 49:7-13.] On March 7, 2019, the Court reaffirmed this position, stating it would keep out testimony concerning doctors that are not listed as unindicted co-conspirators.

In spite of the Court's clear and consistent approach to this issue, the Government now is seeking to admit text messages insinuating that the Defendants intended and planned to bribe Dr. H, who is not identified in the SSI or the 28-Day Letter.[1] In doing so, the Government ignores the prejudice the Defendants would suffer from a reversal of the Court's rulings regarding this kind of evidence. Indeed, in reliance on the Court's rulings, the Defendants have framed and limited their cross-examination of key witnesses so as not to open the door to the submission of evidence the Court rightly has kept out. The Defendants submit that there is no justification for a change of course.

---

[1] The Government's Motion in Limine seeks to admit four text messages concerning Dr. H. To the extent that the Government's Motion in Limine is an attempt to admit other text messages relating to other unindicted physicians not identified in the SSI or the 28-day letter, Defendants oppose the admittance of that evidence for the same reasons as set forth in this Opposition.

**II.     Admission of The Text Messages Will Cause Unfair Prejudice**

The Government claims that the introduction of these texts will not cause any prejudice to the Defendants. This contention is nonsensical, as it is precisely why the Government wants the texts admitted into evidence. If this evidence is admitted, Defendants will suffer unfair prejudice that completely outweighs any probative value of the cryptic messages. Again, it is undisputed that the Government has never named Dr. H as a co-conspirator in this case. He is absent from the Government's First and Second Superseding Indictments, and, more importantly, from the Government's list of unindicted co-conspirators included in the 28-Day letter provided to Defendants on September 25, 2018. *See* Exh. A, at 3-5 (Governments 28-Day Letter). He is also not included in the Government's October 18, 2018 discovery letter, which disclosed additional unindicted co-conspirators. *See* Exh. B, at 4 (Government's October 18, 2018 discovery letter).

In reliance on the Government's disclosures, particularly the 28-Day Letter, the Court's handling of the Defendants' request for a bill of particulars, and the Government's prior representations, Defendants have conducted their pretrial investigations, opening statements, and cross-examinations of the prosecution's witnesses without addressing any suggestion that Dr. H had any part in the alleged conspiracy. Now, the Government claims it wants to admit evidence concerning his relationship with Insys because it would show Defendant Simon's intent and alleged participation in the charged conspiracy. This is precisely what the Court has not permitted on several prior occasions in this trial. To permit the Government to introduce this evidence more than seven weeks into its case would leave Defendants without the opportunity to suggest otherwise through the testimony of numerous key witnesses who have already testified.

Furthermore, the Government's argument that the "texts are not being offered to show that the defendants bribed or offered to bribe anyone" is a non-sequitur. [Dkt. 778] Just as in the Court's previous rulings, the introduction of text messages concerning the financial relationship between Insys and Dr. H would needlessly confuse or mislead the jury. As Dr. Kapoor's counsel discussed with the Court on February 22nd, during a sidebar concerning Mr. Babich's testimony related to unindicted practitioners, "the prejudice of allowing the government to move the goal posts like this in the middle of trial is extreme: '[W]e've already had major witnesses, where we could have asked [questions] about these doctors and we didn't do it," "[w]e had no ability to address it in the opening," and "people who have already taken [the] stand . . . know [this doctor] and could have [provided] contrary information . . . .'" [Dkt. 759 citing to Feb. 22, 2019, Tr. 15:20-16:18.] Accordingly, the Court instructed the jury "not to consider the testimony that you just heard about Drs. Fanto, Gatz, Simon, and Freedman," as it was "stricken from the record and it needs to be disregarded by you, not considered for any purpose in your deliberations." [Dkt. 759 citing to *Id*. at 18:20-24.]

Again, when the Government attempted to introduce evidence related to Dr. Gatz, Dr. Kapoor's counsel explained the unfairness of permitting the Government to do so because "the government has put up a target and that's the point of an indictment and a 28-Day letter, to tell us who is noticed," and that the Defendants had "missed our chance to put Dr. Gatz in a different kind of light, through Napoletano," or "to cross Mike Babich on it." [Tr. 3/5/2019 39:15-22] Permitting the Government to now present evidence concerning another unindicted practitioner, Dr. H, would directly contradict the Court's earlier rulings and similarly unfairly prejudice the Defendants.

4

### III. Redacting The Practitioner's Name From the Text Messages Would Confuse or Mislead the Jury and Result in Unfair Prejudice to Defendants

Although the Government has offered to redact the name of the unindicted practitioner from the text messages, the redactions would not cure the prejudice. Instead, redactions would further confuse the jury because it would present evidence that is not central to the Government's case and mislead the jury to associate the alleged conduct in the texts with the physicians the Government named as unindicted co-conspirators.

### IV. Conclusion

For the reasons detailed above, Defendants Simon and Kapoor respectfully request this Court to enforce its previous Orders and deny the Government's Motion in Limine.

Dated: March 18, 2019

Respectfully Submitted,

/s/ Aaron M. Katz
Beth A. Wilkinson (admitted *pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Alexandra M. Walsh (admitted *pro hac vice*)
awalsh@wilkinsonwalsh.com
Kosta S. Stojilkovic (admitted *pro hac vice*)
kstojilkovic@wilkinsonwalsh.com
Wilkinson Walsh Eskovitz
Washington, D.C. 20036
Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com
Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
***Attorneys for Dr. John Kapoor***

/s/ Patrick J. O'Toole Jr.
Steven A. Tyrrell (admitted *pro hac vice*)
Steven.Tyrrell@weil.com
Patrick J. O'Toole, Jr. (BBO# 559267)
Patrick.Otoole@weil.com
Weil, Gotshal & Manges LLP
2001 M Street, NW
Washington, D.C. 20036
Telephone: (617) 772-8365
***Attorneys for Richard Simon***

## **CERTIFICATE OF SERVICE**

I, Patrick O'Toole Jr., hereby certify that a true and correct copy of this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 18, 2019.

/s/ Patrick J. O'Toole Jr.