UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MICHAEL J. GURRY et al.,

Defendants.

Criminal No.: 16-CR-10343-ADB

**TRIAL DEFENDANTS' SECOND JOINT MOTION FOR
LIMITED CONTINUANCE OF SENTENCING DATE**

The trial defendants appreciate the Court's decision to schedule their sentencings in close proximity to the sentencings of Michael Babich and Alec Burlakoff. The trial defendants also respect the sequence in which the Court has set the particular sentencings, and do not wish to disturb it.

However, with less than a month to sentencings, the government's approach to restitution and forfeiture is very much a work in progress. And the probation officer has not yet had a chance to assess the government's developing position on these matters, or how it may affect the sentencing guidelines. This leaves trial defendants (and, likely, Babich and Burlakoff as well) at a disadvantage in preparing for one of the most consequential days of their lives.

Until last week, the government—through its offense conduct statement to the probation office and its incorporation in the draft pre-sentence report—had only put defendants on notice of an alleged loss and restitution amount based on Medicare prescriptions totaling just over $17 million. The government reserved the right to submit additional losses from other alleged victims, but has not done so yet.

Just days ago, in response to an inquiry from Dr. Kapoor's counsel, the government indicated that it will seek restitution "somewhere ***between $240 and 350 million***" and it "is possible [this amount] will go higher." (Ex. A (emphasis added).)  The government also indicated that it intends to address these amounts at sentencing, rather than seeking to delay their determination to a later date.  *Id.*  And the government indicated that it is still evaluating its approach to forfeiture in this case.  *Id.*  Then, on October 16, 2019, in its response to defendant Rowan's motion to modify his conditions of release, the government indicated that it has victim loss claims "***in excess of $242 million***."  Dkt. No. 986 at 1 (emphasis in original).

Trial defendants appreciate the government sharing this information.  But the government has not yet submitted its basis for restitution amount beyond the $17 million in alleged Medicare losses, or any other information that would allow defendants to challenge these additional amounts.  And the details matter, as alleged losses to private insurers or individual victims present different issues than the alleged Medicare loss.  Moreover, a joint and several restitution order in excess of $240 million would likely exceed all defendants' combined assets (including those of the now-bankrupt Insys).  And defendants still do not know what they are facing in terms of forfeiture.

In addition, trial defendants are concerned that the probation officer or the Court may apply these additional claimed losses to the sentencing guideline calculation in this case—even though the government has informed trial defendants that for guidelines purposes it intends to limit its position to the $17 million in alleged Medicare loss.

Since it has taken the government five and a half months and counting to develop its position on these financial issues, trial defendants respectfully ask for a continuance of all sentencings in this case by at least 30 days.  Trial defendants are not faulting the government for the time it has taken to gather information and develop its position on restitution or forfeiture, but

the interests of justice require that defendants also have adequate time and opportunity to assess the government's position and effectively contest it.

Accordingly, trial defendants respectfully request that the Court continue the sentencing dates in this case for at least 30 days to allow the government to complete, and disclose, the proposed restitution and forfeiture, and to provide trial defendants an adequate opportunity to study those proposals and formulate their positions. Such a continuance would also have the benefit of allowing the Court to resolve the pending motions under rule 29 and 33 in sufficient advance of any sentencing dates.[1] And it would allow defendants to assess the lengthy offense conduct statement in the pre-sentence report in light of the Court's ruling on the post-trial motions.[2]

In fairness, and in order to preserve the sequence of sentencings set by the Court, trial defendants ask that all seven sentencings (including those of Babich and Burlakoff) be so continued, and that the sequence in which particular defendants are scheduled for sentencing remain unchanged.[3]

---

[1] A continuance could also resolve the scheduling conflict that Dr. Kapoor's lead counsel, Beth Wilkinson, has with another trial that remains on schedule to commence shortly in the Southern District of New York.

[2] As is, two of the trial defendants—Simon and Lee—have PSR objections due tomorrow, October 18.

[3] Counsel for Ms. Lee also advises the Court that he intends to submit an affidavit under seal in support of a request to have Ms. Lee's sentencing continued.

Dated: October 17, 2019

/s/ Tracy A. Miner
Tracy A. Miner (BBO# 547137)
tminer@mosllp.com
Megan Siddall (BBO# 568979)
msiddall@mosllp.com
Miner Orkand Siddall LLP
470 Atlantic Ave, 4th Floor
Boston, MA 02210
Telephone: (617) 273-8421

*Attorneys for Michael Gurry*

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case LLP
75 State Street
Boston, MA 02109
Telephone: (617) 939-9310

*Attorneys for Joseph Rowan*

/s/ Peter C. Horstmann
Peter C. Horstmann (BBO# 556377)
pete@horstmannlaw.com
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466
Telephone: (617) 723-1980

*Attorney for Sunrise Lee*

Respectfully submitted,

/s/ William W. Fick
William W. Fick, Esq. (BBO # 650562)
wfick@fickmarx.com
Daniel N. Marx, Esq. (BBO # 674523)
dmarx@fickmarx.com
Fick and Marx LLP
24 Federal Street, 4th Floor
Boston, MA 02110
Telephone: (857) 321-8360

*Attorneys for Richard Simon*

/s/ Kosta S. Stojilkovic
Beth A. Wilkinson (*admitted pro hac vice*)
bwilkinson@wilkinsonwalsh.com
Alexandra M. Walsh (*admitted pro hac vice*)
awalsh@wilkinsonwalsh.com
Kosta S. Stojilkovic (admitted *pro hac vice*)
kstojilkovic@wilkinsonwalsh.com
Andrew W. Croner (admitted *pro hac vice*)
acroner@wilkinsonwalsh.com
Wilkinson Walsh + Eskovitz LLP
2001 M Street NW
Washington, D.C. 20036
Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com
Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
Prudential Tower 800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000

*Attorneys for Dr. John Kapoor*

4

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that I have conferred with counsel for the government and that the government is opposed to the relief requested in this motion.

/s/ Kosta Stojilkovic
Kosta S. Stojilkovic
Counsel for Dr. John Kapoor

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on all counsel of record through the ECF system.

/s/ Kosta Stojilkovic
Kosta S. Stojilkovic
Counsel for Dr. John Kapoor