**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL L. BABICH, et al.,<br><br>Defendants. | Criminal No.: 16-CR-10343-ADB |

### DEFENDANTS' MOTION FOR A JOINT HEARING ON RESTITUTION

Defendants respectfully request that the Court schedule a joint hearing to address the parties' respective positions on restitution. This request is made on behalf of all seven Defendants in the above-captioned case. Because the restitution sought by the government is joint and several, and because there is a lot of overlap in Defendants' position on restitution (as reflected by the joint response on restitution that all Defendants have joined), it would be in the interests of judicial efficiency to hold a joint hearing on restitution rather than have seven separate hearings as part of each of the seven scheduled sentencings. A joint hearing would also avoid unfairly burdening defendant Michael Gurry—who is scheduled to be sentenced first—with primary responsibility for arguing Defendants' collective position on restitution, and would avoid other Defendants arriving at their sentencings with the Court having already made a ruling and underlying factual findings on the issue in the Gurry sentencing.

Defendants and the government discussed a joint hearing over the holiday break. Initially, when the sentencings were scheduled for the week of January 6, Defendants and the government intended to propose January 21 or 22 to the Court for the joint hearing on restitution. Given the rescheduled sentencings, those dates no longer make sense. Accordingly, Defendants hereby propose two options:

(1) The Court could hold a joint restitution hearing on the morning of January 13, 2020. In order to make this possible, the Court could reset Mr. Gurry's sentencing (which is currently set for that morning) to the afternoon of the same date, January 13. Doing so should not inconvenience the government or any victims who wish to attend, as they were already on notice of Mr. Gurry's sentencing for the morning of January 13, and absent a joint hearing the restitution issue would need to be litigated at the Gurry sentencing itself. What would be accomplished by holding a joint hearing in the morning is providing all Defendants a chance to be heard on the common restitution issues prior to any of their individual sentencings. This would increase efficiency and obviate the need for the Court to entertain the same arguments seven times over.

(2) Alternatively, Defendants are available for a joint restitution hearing on February 4, 2020.

Courts have found it permissible to hold a joint hearing that separately addresses restitution amount. *See, e.g.*, *United States v. Agate*, 613 F. Supp. 2d 315, 319 (E.D.N.Y. 2009). In *Agate*, as here, the Court held a joint hearing because the restitution sought was joint and several, the issues were complex, and it was in the interests of judicial efficiency to hold a joint hearing rather than litigating the issue over and over in each individual sentencing.

In order to comply with the procedural requirements for entry of restitution, in either proposed scenario, the Court would still order restitution at the sentencings themselves. In scenario (1), the Court would base its decision on the papers and the arguments (and any evidence, should the government elect to present it) at the joint hearing. In scenario (2), the Court would order restitution "in an amount to be determined" at each sentencing, and then supply the amount upon completion of the February 4 hearing. In either scenario, the parties and the Court would

have more time at the sentencings themselves to address issues unique to each Defendant, including the sentencing factors under 18 U.S.C. §3553(a) and the government's forfeiture requests, rather than devoting a substantial portion of those hearings to the restitution issue.

Although the government is open in principle to a joint restitution hearing, the government has not assented to the dates proposed in scenarios (1) or (2).  Instead, the government has informed Defendants that it continues to study their filings on restitution, and that it will be prepared, if necessary, to address restitution at each scheduled sentencing.  Defendants respect the government's position and are not attempting to inconvenience the government or any alleged victim.  But Defendants respectfully suggest that if the government is prepared to address restitution at each sentencing hearing (as it must), then there is nothing to be lost, and much to be gained, by moving Mr. Gurry's sentencing to the afternoon of January 13 and holding a joint hearing that morning at the time when the government would have had to justify its restitution request at the currently scheduled Gurry sentencing anyway.

If the Court or the government prefer to defer the determination of restitution amount until after the sentencings, Defendants respectfully request February 4 as the date for such a hearing. Defendants' counsel have worked hard to find a date after the sentencings that would allow a lawyer for each Defendant to be present and participate in such a hearing, and this is the only date that each of the seven Defendants would have representation at such a hearing (even on this date, lead counsel for some Defendants may not be present, but Defendants have consented to that date and will have at least one counsel present).  Defendants would not propose pushing out the restitution determination past early February, as doing so would force Defendants to bifurcate any appeals that they or the government may take as to the remainder of the case from any appeal of the restitution amount, which could cause substantial logistical challenges.

Dated: January 8, 2020                                      Respectfully submitted,

/s/ J. Sedwick Sollers III                                  /s/ Peter C. Horstmann
J. Sedwick Sollers III (admitted *pro hac vice*)            Peter C. Horstmann (BBO# 556377)
Mark A. Jensen (admitted *pro hac vice*)                    pete@horstmannlaw.com
Daniel C. Sale (admitted *pro hac vice*)                    Law Offices of Peter Charles Horstmann
Lucas M. Fields (admitted *pro hac vice*)                   450 Lexington Street, Suite 101
King & Spalding LLP                                         Newton, MA 02466
1700 Pennsylvania Avenue NW                                 Telephone: (617) 723-1980
Suite 200                                                   *Attorney for Sunrise Lee*
Washington, DC 20006
Phone: (202) 626-5612                                       /s/ Michael Kendall
E-mail: WSollers@kslaw.com                                  Michael Kendall (BBO# 544866)
                                                            michael.kendall@whitecase.com
William H. Kettlewell (BBO No. 270320)                      Alexandra Gliga (BBO# 694959)
Hogan Lovells                                               alexandra.gliga@whitecase.com
100 High St., 20th Floor                                    White & Case LLP
Boston, MA 02110                                            75 State Street
Telephone: (617) 371-1005                                   Boston, MA 02109
Email: bill.kettlewell@hoganlovells.com                     Telephone: (617) 939-9310
*Attorneys for Michael L. Babich*                           *Attorneys for Joseph Rowan*

/s/ Peter Gelhaar                                           /s/ William Fick
George W. Vien (BBO# 547741)                                William W. Fick, Esq. (BBO # 650562)
gwv@dcglaw.com                                              wfick@fickmarx.com
Peter E. Gelhaar (BBO# 188310)                              Daniel N. Marx, Esq. (BBO # 674523)
peg@dcglaw.com                                              dmars@fickmarx.com
Joshua N. Ruby (BBO #679113)                                Fick and Marx, LLP
Donnelly, Conroy & Gelhaar, LLP                             24 Federal Street, 4th Floor
260 Frankline Street, Suite 1600                            Boston, MA 02110
Boston, MA 02110                                            Telephone: (857) 321-8360
Telephone: (617) 720-2880                                   *Attorneys for Richard Simon*
*Attorneys for Alec Burlakoff*

                                                            /s/ Kosta S. Stojilkovic
/s/ Tracy A. Miner                                          Beth A. Wilkinson (*admitted pro hac vice*)
Tracy A. Miner (BBO# 547137)                                bwilkinson@wilkinsonwalsh.com
tminer@mosllp.com                                           Kosta S. Stojilkovic (admitted *pro hac vice*)
Megan Siddall (BBO# 568979)                                 kstojilkovic@wilkinsonwalsh.com
msiddall@mosllp.com                                         Andrew W. Croner (admitted *pro hac vice*)
Miner Orkand Siddall LLP                                    acroner@wilkinsonwalsh.com
470 Atlantic Ave, 4th Floor                                 Wilkinson Walsh + Eskovitz LLP
Boston, MA 02210                                            2001 M Street NW
Telephone: (617) 273-8421                                   Washington, D.C. 20036
*Attorneys for Michael Gurry*                               Telephone: (202) 847-4000

Brien T. O'Connor (BBO# 546767)
brien.o'connor@ropesgray.com
Aaron M. Katz (BBO# 662457)
aaron.katz@ropesgray.com
Ropes & Gray LLP
Prudential Tower 800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
*Attorneys for Dr. John Kapoor*

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the moving defendants and the government have conferred and that counsel for the government has not indicated their assent to this motion.

/s/ Kosta S. Stojilkovic
Kosta S. Stojilkovic
Counsel for Dr. John Kapoor

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on all counsel of record through the ECF system.

/s/ Kosta S. Stojilkovic
Kosta S. Stojilkovic
Counsel for Dr. John Kapoor