UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  16-10343-ADB |
| | ) | |
| JOHN N. KAPOOR, et al. | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION PURSUANT TO 18 U.S.C. §§ 3664 & 3572 TO BIFURCATE THE CALCULATION OF RESTITUTION FROM THE PAYMENT/COLLECTION OF RESTITUTION

The United States of America respectfully requests that the Court enter an Order bifurcating the restitution process pursuant to the statutory framework set forth in 18 U.S.C. §§ 3664 and 3572, and in consideration of the Court's stated intent to craft orders with the hope that they may lead to a more meaningful recovery.  Specifically, the government requests that the Court separate the **calculation** of restitution from the **collection** of restitution as follows:  *first,* that the Court use the February 4, 2020 hearing to calculate the total and complete amount of restitution (harm) to the victims as a result of the conspiracy and enter an Order setting forth that amount; and *second,* following the calculation of that sum certain, that the Court permit the Defendants an opportunity to provide their positions regarding apportionment pursuant to 18 U.S.C. § 3664(h), and/or for a particular manner or schedule of payment pursuant to 18 U.S.C. § 3664(f) and 18 U.S.C. § 3572.  The requested bifurcation of the calculation of restitution from the collection of restitution will streamline the restitution process, reduce the burden on the Court, and provide a sense of closure to the victims.

The Court has informed the parties that it intends to enter an Order of Restitution that is meaningful, yet somewhat feasible for each Defendant. Calculation of the full amount of restitution owed is the necessary first step in that analysis. *See* 18 U.S.C. § 3664(f)(1)(A) (Court "shall" order restitution "in the full amount" of losses, without consideration of ability to pay). Here, the calculation of the sum of restitution has been fully briefed and the Court is in a position to make the necessary findings at the February 4, 2020 hearing. The Court is particularly capable of making the necessary findings because the Court has the benefit of presiding over the lengthy trial and the many sentencing hearings.

Once the Court has calculated the total restitution owed, the Court can then consider 18 U.S.C. § 3664(h) and/or set a payment schedule for each defendant based upon that defendant's resources. *See* 18 U.S.C. § 3664(f)(2); *see also Paroline v. U.S.*, 134 S. Ct. 1710, 1728 (2014) (the Court can set payment schedule and manner based upon defendant's ability to pay). The defendant bears the burden of proving his or her financial resources and ability to pay. 18 U.S.C. § 3664(e) (defendant must prove financial resources.). To the extent the Defendants would have this Court apportion the restitution, or enter non-joint and several orders of restitution, ***they*** must propose the method and manner and provide sufficient evidence to support such a plan. Once the Court has calculated the total restitution owed, the parties can also confer and attempt to narrow the issues of apportionment; the government anticipates that the parties will then be able to provide the Court more meaningful proposals regarding the payment/collection of restitution once all parties are aware of the total amount owed.[1] The government submits that the specific issues regarding apportionment/payment could be decided either on the papers or at future hearing.

---

[1] Consistent with other cases, the government has informed each Defendant in this case that it is willing to negotiate specific payment plans with each Defendant.

WHEREFORE, the United States respectfully requests the Court bifurcate the restitution process by first calculating the full amount owed and entering an order setting forth that amount, and then permitting the Defendants an opportunity to propose apportionment and payment plans.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ANDREW E. LELLING<br>United States Attorney |
| Date: January 28, 2020    By: | /s/ David G. Lazarus<br>DAVID G. LAZARUS<br>ALEXANDRA W. AMRHEIN<br>K. NATHANIEL YEAGER<br>FRED M. WYSHAK<br>Assistant United States Attorneys<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>Tel. No. (617) 748-3373<br>Fax No. (617) 748-3972<br>David.Lazarus2@usdoj.gov |

**Local Rule 7.1(a)(2) Certification**

On January 28, 2020, the government informed defense counsel via email that it would be filing the instant motion and indicated that unless we heard otherwise, we would assume they oppose. As of the time of filing we have not expressly heard the position of each party and, therefore, assume the motion is opposed.

                                                                       /David G. Lazarus<br>
                                                                       David G. Lazarus<br>
                                                                       Assistant United States Attorney

Date: January 28, 2020