UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Court No.: 16-CR-10343-ADB |
| v. | ) ) |  |
| JOHN KAPOOR et al | ) ) |  |
| Defendants. | ) ) |  |

GOVERNMENT'S CONSOLIDATED OPPOSITION TO DEFENDANTS'
MOTIONS TO CONTINUE SURRENDER DATE

John Kapoor, Michael Babich, Michael Gurry, Richard Simon, Sunrise Lee, and Joseph Rowan have moved to continue their surrender dates from February 2, 2021 to April 6, 2021. Dkts. 1423, 1426, 1427, 1428, 1433, and 1434. For reasons set forth below, the United States opposes each of the motions.

I.  Procedural Background.

On January 23, 2020, nearly one year ago today, the Court concluded a series of sentencing hearings for each of the above-named Defendants. Dkts. 1142 (Gurry), 1162 (Simon), 1163 (Rowan), Lee (1202), Babich (1309), and Kapoor (1307). At the close of every hearing, after considering the nature and circumstances of the offense, as well as the history and characteristics of each individual offender pursuant to 18 U.S.C. § 3553(a), the Court sentenced each of the Defendants to a period of incarceration. Roughly one month later, and again after deliberation, the Court refused to stay the defendants' sentences pending appeal pursuant to 18 U.S.C. § 3143(b)(1)(B). Dkt. 1252.[1]  Over the course of the ensuing months, however, the

---

[1] The First Circuit affirmed the Court's decision on July 1, 2020. Dkt. 1381.

Court has agreed to delay execution of the defendants' sentences, often with the government's assent, on six subsequent occasions.

II. Argument

The reasons for each of the previous continuances are a matter of record.  The Government acknowledges that in each circumstance the Court has endeavored to balance the present public health crisis with the need for a just conclusion to these cases.   Nevertheless, the Government does not agree that a further continuance is necessary, and as such opposes extending the Defendants surrender dates.

The Government has previously outlined efforts taken by the Bureau of Prisons ("BOP") to mitigate the spread of the virus.  *See*  Dkt. 1411, *Government's Opposition to Defendants" Motions to Continue Surrender Date*.  More recently, the BOP has begun to receive, distribute, and administer the COVID-19 vaccine under guidance from the Centers for Disease Control and Prevention ("CDC").  "COVID-19 Vaccination Efforts Commended," https://www.bop.gov/resources/news/20210116_covid_vaccine_efforts_commended.jsp (last visited January 21, 2021).[2]  Because vaccinating correctional staff will serve to decrease the possible introduction of COVID-19 into institutions, and thereby protect inmates, the CDC protocols adopted by the BOP prioritize employee vaccinations.  "Federal Bureau of Prisons Clinical Guidance," January 4, 2021, https://www.bop.gov/resources/pdfs/2021_covid19_vaccine.pdf  (last visited January 21, 2021) Nevertheless, the BOP has begun delivering the vaccine to both staff and inmates at more than half of the BOP's correctional facilities.  Id.   As of January 15, 2021, the BOP leads all

---

[2] The BOP has also published clinical guidance protocols Federal Bureau of Prisons Clinical Guidance, January 4, 2021, https://www.bop.gov/resources/pdfs/2021_covid19_vaccine.pdf (last visited January 21, 2021).

jurisdictions and Federal entities in its rate of vaccination utilization, having administered 97 percent of all COVID-19 vaccine doses received.  Id.   All of the BOP's facilities are expected to receive their first dose by mid-February.  Id.  Importantly, on January 21, 2021, President Biden explicitly committed the federal government to distributing "vaccines to facility staff and incarcerated individuals in jails, prisons and detention centers."  "National Strategy For Covid-19 Response and Pandemic Preparedness," January 2021, https://www.whitehouse.gov/wp-content/uploads/2021/01/National-Strategy-for-the-COVID-19-Response-and-Pandemic-Preparedness.pdf at 46 (last visited January 21, 2021).

For these reasons, the Government opposes a further extension of the Defendant's surrender dates.  Should the Court decide to continue the surrender dates, the Government requests the Court consider two orders:

First, given the ongoing distribution of the vaccine, the Government asks the Court to continue the matter for a shorter period of time.  Every motion to extend surrender dates filed in this case has pointed to the unique public health concerns faced by incarcerated populations.  Indeed, even when opposing such continuances, the Government has recognized these concerns.  Dkt. 1411 at 3.  The Court explicitly raised concern about protecting the prison population in its last order extending the surrender dates in this case.  Dkt.1419.  Now, as public health officials make decisions about the distribution of the vaccine, it is clear that protocols based upon scientific criteria will prioritize to some degree prison populations.  As such, concern about the risks faced by prisoners is not, or very soon, will no longer be, a reason to defer surrender.

Second, the Government requests the Court to order that as a condition of release, each of the defendants be required to regularly report (a) their efforts to obtain the vaccine,  and (b) the distribution phase for which they qualify, or are assigned, in the jurisdiction in which they reside.

To date, only Defendant Kapoor has adequately demonstrated that he falls within a high risk group identified by the CDC.  Specifically, CDC protocols do recognize that Kapoor's age will place him at a higher priority to obtain the vaccine.  Kapoor, who is at least 75,  currently resides in Arizona.  The state of Arizona, which began administering the vaccine in December, considers each person over the age of 65, a "Phase 1B" priority.  "Vaccine Prioritization in Arizona," https://directorsblog.health.azdhs.gov/vaccine-prioritization-in-arizona/ (last visited January 21, 2021).   If Kapoor can obtain, or has obtained, the COVID-19 vaccine, there is no longer any reason to defer his surrender.  The only way to ensure that the Court has obtained updated information, is to order each Defendant to report this information to the Court forthwith and to update the information regularly.  Defendants that have received a dose of the vaccine should be required to report the information immediately.

Equally important, in seeking to continue their surrender dates, some defendants have raised specific health issues that they assert, or imply, qualify them as high risk.  The Court has heard that two defendants have asthma,.  One Defendant claims hypertension, and another asserts renal disease.  Nevertheless, even with physician notes and/or medical records, no defendant has provided evidence that they have been diagnosed with a disease that the CDC believes might present an increased risk for severe illness. *pursuant to CDC criteria*.  *See* "People With Certain Medical Conditions," **https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html**  (last visited January22, 2021).[3]  Now, in the context of prioritizing the distribution of vaccine, the absence of a high risk diagnosis, based

---

[3] For example, the CDC has stated that persons diagnosed with "moderate to severe" asthma "**might be at increased risk** for severe illness." People With Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html  (last visited January22, 2021)(emphasis in original).  The CDC does not list mild or intermittent asthma as high risk.

upon CDC criteria, is not trivial.  It means that it is likely that classification as a federal prisoner will be the most significant qualifying priority for most of the Defendants at bar.

III. Conclusion

    For the aforementioned reasons, the government requests that the Court deny the defendants' motions and for other such relief as the Court deems appropriate.

Date:   January 22, 2021

                                Respectfully submitted,

                                ANDREW E. LELLING
                                United States Attorney

                By:    /s/ K. Nathaniel Yeager
                        K. NATHANIEL YEAGER
                        Assistant U.S. Attorney
                        Office of the U.S. Attorney
                        John J. Moakley Federal Courthouse
                        One Courthouse Way, Ste. 9200
                        Boston, MA  02210
                        (617) 748-3100
                        nathaniel.yeager@usdoj.gov